### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MAYOR AND CITY COUNCIL OF BALTIMORE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br><br> ACTELION PHARMACEUTICALS LTD., *et al.*, <br><br><br><br> Defendants. | Case No. 18-cv-3560-GLR <br><br><br><br> **STIPULATED PROTECTIVE ORDER** |

WHEREAS, all of the parties to this Action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order (the "Protective Order") pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain non-public and confidential materials and information that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited categories of materials and information that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential materials and information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against potential injury caused by dissemination of confidential materials and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this Action.

Therefore, the Parties having stipulated, the Court, for good cause shown, GRANTS the Joint Motion for Protective Order (ECF No. 78) and hereby ORDERS:

1. Scope.

    A. This Protective Order governs all Confidential Material, including "Confidential Material—Attorney Eyes Only," designated pursuant to this Order.

        i. "Confidential Material" means any hardcopy or electronic document, information, testimony (*i.e.*, depositions, declarations, or other pre-trial statements in this Action), and all copies, data, extracts, compilations, summaries, reports, and information obtained, derived, or generated from such material that a person or entity designating the material as confidential ("Designating Party") reasonably believes to be entitled to confidential treatment under Federal Rule of Civil Procedure 26(c)(1). Confidential Material includes, but is not limited to, current trade secrets (as defined in the Uniform Trade Secrets Act); other current confidential research, development, or commercial information; all information that, if disclosed, could result in serious competitive, commercial, or business harm; previously nondisclosed current financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins); previously nondisclosed material relating to ownership or control of any non-public company; previously nondisclosed business plans, product development information, or marketing plans; and any information of a personal or intimate nature regarding any individual, including personal identifying information, financial information, medical/insurance information, or other information that is given confidential status by the Court.

    B. "Confidential Material—Attorney Eyes Only" means Confidential Material that the Designating Party reasonably believes to contain highly confidential information the disclosure of which would cause the Designating Party serious competitive and commercial harm. Unless otherwise specified, provisions in this Order regarding "Confidential Material" shall also encompass "Confidential Material—Attorney Eyes Only." This Order is binding upon, without limitation, all current and future Parties in this Action (including their respective corporate parents, subsidiaries, affiliates, successors, and attorneys and all other representatives or agents), their counsel, and all signatories to Exhibit A, the Non-Disclosure Agreement (deemed to be part of this Order); all third parties providing discovery in this Action; all other persons or entities authorized under this Order or any other Order of this Court to receive or view Confidential Material; and all other interested persons or entities with actual or constructive notice of this Protective Order.

C. The entry of this Order does not preclude any Party in this action from seeking further orders of this Court, including modification of this Order, or from objecting to discovery that the Party believes to be improper.

D. Nothing herein shall be construed as an admission or concession by a Designating Party that any Confidential Material constitutes relevant, material, or admissible evidence in this Action.

E. Notwithstanding the foregoing, materials or information that are in the public domain will be presumed to be non-confidential under this Order.

F. Notwithstanding the foregoing, materials or information that are or become available to a Party from a non-party source will be presumed to be non-confidential under this Order so long as that non-party source is rightfully in possession of such materials or information on a non-confidential basis, and subject to the period of presumptive confidentiality under Paragraph 2.F. of this Order, and the power to designate information as Confidential Material under Paragraph 2.G. of this Order.

2. Designation of Confidential Material; Failure to Make Designations.

   A. Documents Produced in Image, PDF, or hardcopy form ("Image"). The Designating Party shall place on each designated page the following legend: CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER or ATTORNEY EYES ONLY, SUBJECT TO PROTECTIVE ORDER. The legend shall not obscure any content of the original document. Any person making a copy of the image, if authorized under this Order, shall ensure that the same legend shows on the copy.

   B. Documents Produced in Native Format ("native file"). A Designating Party shall rename each native file to include, at the end of the file name and prior to the file extension, the following language: CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY. Any person making any copy of the native file, if authorized under this Order, shall not rename the file in a manner that removes the "CONFIDENTIAL" designation from the filename.

   C. Deposition Testimony and Exhibits.

      i. Following any deposition and for 30 days after the Parties' counsel have received from the court reporter a final copy of a deposition transcript, all testimony, transcripts, and exhibits shall constitute Confidential Material. Thereafter, any transcript, or portions of transcripts, or exhibits affirmatively designated as Confidential Material (during the deposition or within thirty (30) days thereafter) shall remain subject to this Order, and subject to a Party's right to challenge that designation. In addition, no

further actions need be taken regarding any exhibit previously designated as Confidential Material.

    ii.    Material may be designated Confidential Material by indicating on the record during the deposition that a question calls for confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as CONFIDENTIAL DOCUMENT, SUBJECT TO PROTECTIVE ORDER.

    iii.    Confidential Material designated before or at a deposition shall not be shown to a witness who is not a Qualified Person (defined below). Persons attending the deposition who are not Qualified Persons may be excluded from the portions of the deposition during which Confidential Material is disclosed.

    iv.    Deposition transcript or exhibit pages containing Confidential Material shall be separately bound, and affixed to the top of each page shall be the legend "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—ATTORNEY EYES ONLY, SUBJECT TO PROTECTIVE ORDER."

D.    <u>Sealing</u>.

    i.    All persons seeking to file redacted documents or documents under seal with the Court shall, in accordance with the Court's Electronic Filing Requirements and Procedures for Civil Cases, simultaneously submit a motion pursuant to Local Rule 104.13(c) and accompanying order pursuant to Local Rule 105.11 of this Court. No person may file with the Court redacted documents or documents under seal without previously or simultaneously seeking leave to file such papers.

    ii.    Documents containing or describing Confidential Material may be provisionally filed under seal, with redacted versions filed publicly within 14 days thereafter. The filing party will meet and confer with any Producing Party and the burden will be on the Producing Party to justify the continued redaction or sealing of any materials filed provisionally under seal. Following this meet and confer, within 14 days of the materials being filed provisionally under seal, the filing party shall file a publicly available version of the sealed document(s) via the Court's Electronic Case Filing system that redacts or seals only the Confidential Material. In the event of any dispute concerning the scope of any redactions and/or keeping documents under seal, prior to the 14-day period, the Producing

>                  Party shall seek leave of court for permission to keep the disputed portions under seal.
>
>       iii.       The Clerk may return to counsel or destroy any sealed material at the end of the litigation, pursuant to Local Rule 104.13(d).

E. <u>Other Confidential Material</u>. For Confidential Material in a form not addressed above (*e.g.*, DVDs, portable hard drives, or other tangible items), the Designating Party shall affix in a prominent place on the exterior of the items the legend "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER, PRODUCED BY [PARTY NAME] IN [NAME OF LITIGATION]" or "CONFIDENTIAL—ATTORNEY EYES ONLY, PRODUCED BY [PARTY NAME] IN [NAME OF LITIGATION]." If feasible, the legend shall identify the portions constituting Confidential Materials.

F. <u>Confidential Material Disclosed by a Non-Party</u>.

>       i.       A Non-Party may, prior to making disclosures in this proceeding, designate the information and materials it is producing in accordance with the provisions of this Order. Regardless of whether the Non-Party designates as Confidential Material the information and materials it is producing, such information and materials shall be treated as Confidential Material for a period of 30 days.

G. <u>Disclosure of Confidential Material Without Confidential Designation</u>.

>       i.       Disclosure of Confidential Material without the required confidentiality designation shall not be a waiver in whole or in part of the disclosing party's claim of confidentiality, either as to the specific Confidential Material disclosed or as to the same or related subject matter. This paragraph and its subparts shall be interpreted to provide the maximum confidentiality protection allowed under applicable law.
>
>       ii.      After discovering a failure to make a confidentiality designation, the disclosing party or any Party in this Action may give written notice to the receiving parties that the material is Confidential Material. Receiving parties then shall treat the material as Confidential Material until the Parties agree otherwise, or the Court resolves the issue. The disclosing party may reproduce the material with the appropriate confidentiality legend and the same bates number (or a cross-reference linking the original bates number and the new bates number), and each receiving party then shall return or destroy all copies of the identified material, including any copies held by persons to whom the Party distributed the

material. For the avoidance of doubt, nothing in this paragraph shall prevent a Party from challenging a designation.

H. <u>Personally Identifying Information</u>.

  i. The Parties may redact any Personally Identifying Information ("PII") (*e.g.*, social security numbers, personal financial account numbers, passwords, and information that may be used for identity theft) or materials protected from disclosure by the Health Insurance Portability and Accountability Act (HIPAA) or any similar federal or state patient privacy law.  In the event that such information is inadvertently exchanged in discovery, the receiving party shall return or destroy such documents and the producing party should produce an overlay file, with only the redactions necessary to secure the PII.

  ii. To the extent the production of Personally Identifying Information maintained or controlled by Defendants is necessary for purposes of issuing notice to a certified class and/or a class certified for settlement purposes in this Action, the parties shall meet and confer in good faith regarding the format and mechanism for such a production or bring any dispute regarding the foregoing to the Court.

3. <u>Required Handling of Confidential Material</u>.

  A. Confidential Material shall not be disclosed to anyone for any purpose other than as required for the preparation of trial (including discovery, the preparation of expert reports, and any settlement discussion) or any appeal in this Action, and, in that limited context, shall be disclosed only to Qualified Persons as set out below. Confidential Material shall not be used for any business, competitive or other non-litigation purpose.

  B. Each Party and its counsel, and each Qualified Person identified in ¶¶ 4.A through 4.G and 5.A through 5.D (other than the Court), including any person or entity acting on behalf of, or for the benefit of, that Qualified Person, (i) shall not permit or enable unauthorized dissemination of Confidential Material to anyone; and (ii) shall take all necessary and prudent measures to preserve the security of Confidential Material, including measures to minimize risks of hacking of, and other unauthorized access to, systems on which Confidential Material is stored or through which it is transmitted; and (iii) shall not physically store or maintain Confidential Material in, or knowingly transmit Confidential Material to, the following countries: Afghanistan; Algeria; Belarus; Burundi; Cameroon; Central African Republic; Chad; People's Republic of China; Colombia; Democratic Republic of the Congo; Crimea; Cuba; Egypt; El Salvador; Eritrea; Haiti; Honduras; Hong Kong; Iran; Iraq; Israel, the West Bank and Gaza; Kenya; the

        Democratic People's Republic of Korea; Lebanon; Libya; Mali; Mauritania; Myanmar; Niger; Nigeria; Pakistan; Philippines; Russia; Saudi Arabia; Somalia; Republic of South Sudan; Syria; Thailand; Ukraine; Venezuela; Yemen; and Zimbabwe.

    C.    If Confidential Material is disclosed in a manner not authorized by this Order, or if an attempt is made to hack or otherwise gain unauthorized access to a system containing Confidential Material (jointly, "Unauthorized Actions"), each Party or Qualified Person with knowledge of any Unauthorized Actions shall immediately take necessary and prudent remedial measures to prevent their reoccurrence and shall promptly inform the Designating Party of such Unauthorized Actions, the Confidential Material impacted, and the remedial measures taken.

    D.    Nothing in this Order shall limit any Designating Party's use of its own documents, including disclosure of its own Confidential Material to any person or entity for any purpose.

4.    <u>Qualified Persons with Respect to Confidential Material.</u> Subject to Paragraph 3 above, Confidential Material (as distinct from Confidential Material—Attorney Eyes Only, covered in Paragraph 5 below) may be disclosed only to the following Qualified Persons:

    A.    All Parties in this Action;

    B.    The Parties' counsel—including counsel's partners, employees, and agents (*e.g.*, outside copy services, litigation-support services, and stenographers)—retained in the Action;

    C.    Consultants (*i.e.*, experts or professionals whom counsel has retained to provide professional advice or services to assist in preparation for trial or resolution of this Action, whether or not designated as a testifying expert), but only if (1) the consultant has first signed a copy of Exhibit A, and (2) the consultant is not a Competitor (defined below) of the Designating Party.

        i.    As used in this Order, "Competitor" means any entity involved in the development, manufacture, or sale of any drug used to treat PAH and any person who, upon reasonable and good faith inquiry, could be determined presently to be employed by, to be a consultant doing research for, or otherwise to be presently retained by any entity in connection with developing, manufacturing, or selling any drug used to treat PAH.

    D.    A witness at a deposition or pre-trial hearing, if the witness will give relevant testimony regarding the Confidential Material to be disclosed or if disclosure is necessary to prepare the witness for the testimony, and only after the witness has signed a copy of Exhibit A or acknowledged on the record the restrictions on use,

>   her duty to honor any confidentiality designations, and the sanctions for failure to comply provided for in Exhibit A.
>
>   > i.  This provision does not preclude the Designating Party from objecting to or moving to preclude disclosure to any witness, or from seeking amendment of this provision in the future.
>
>   E.  A person identified in the Confidential Material as an author, source, addressee, or recipient of the material or who already has a copy of it;
>
>   F.  Any other person mutually agreed upon by the Parties, but only if that person has signed a copy of Exhibit A;
>
>   G.  Any mediators or arbitrators selected to assist in resolution of this matter, and their personnel actively engaged in assisting them, if they have signed a copy of Exhibit A; and
>
>   H.  The Court or any court personnel, including any court reporters.
>
> 5. <u>Qualified Persons With Respect to Confidential Material—Attorney Eyes Only</u>. Subject to Paragraph 3 above, Confidential Material—Attorney Eyes Only may be disclosed only to the following Qualified Persons:
>
>   A.  Counsel of record in this Action, including counsel's partners, employees, and agents (*e.g.*, outside copy services, litigation-support services, and stenographers) retained in the Action;
>
>   B.  Jerome Swindell, Julia Kiechel, and Kathryn Meisel, Defendants' in-house counsel representing Defendants in this Action, or their successors, if Defendants' counsel reasonably believes that disclosure is necessary to prepare for trial (including discovery, the preparation of expert reports, and any settlement discussions) in this Action;
>
>   C.  Up to three (3) individuals identified by each Plaintiff who are in-house counsel representing Plaintiffs (or Plaintiffs' successors) in this Action, if Plaintiffs' counsel reasonably believes that disclosure is necessary to prepare for trial (including discovery, depositions, the preparation of expert reports, and any settlement discussions) in this Action.  Defendants will not attempt to impeach or challenge the adequacy of the named plaintiff representatives in this litigation at trial or for class certification purposes based upon a witness's inability to review documents designated by Defendants as 'Highly Confidential-Attorneys' Eyes Only' or any documents that quote documents designated by Defendants as 'Highly Confidential-Attorneys' Eyes Only' pursuant to this paragraph.
>
>   D.  The Qualified Persons described in Paragraphs 4.C. through 4.H. above.

6. <u>Challenges to Designations</u>.

   A. If a Party challenges a designation (which can be done at any time), the challenged material shall be treated as Confidential Material until the Parties agree otherwise in writing or this Court issues an order that the material is not confidential.

   B. To challenge confidentiality designations, a Party shall identify in writing the specific Confidential Material (by Bates number, if possible) to which each challenge pertains, and the specific bases for each challenge. After receiving the challenges, the Designating Party shall have 10 days to state in writing whether the designations will be maintained or withdrawn. If the Parties cannot resolve all disputes after meeting and conferring, the Designating Party shall file a motion to defend the challenged designations.  Upon any such motion, the burden of proving the confidentiality of designated information under Rule 26(c) remains with the party asserting such confidentiality, pursuant to Local Rule 104.13(b) of the Court.

7. <u>Use of Confidential Material in Court Prior to Trial.</u>

   A. No Party may file with the Court Confidential Material of any other Party except when required for motions or other pending matters in the Action.

   B. The Party seeking to file Confidential Material shall first meet and confer with the Designating Party to identify procedures, consistent with applicable court requirements, for filing Confidential Material with the Court, provided, however, that such meet-and-confer obligation shall not require the Party seeking to file such material to specifically identify any particular material prior to filing.

8. <u>Orders, Subpoenas, or Requests from Non-Parties</u>.

   A. If a person or entity serves a Party in this Action with a request, subpoena, or order ("demand") for disclosure of Confidential Material of a Designating Party, the Party receiving the demand, if not prohibited under applicable law and within 72 hours of receipt, shall deliver a copy of the demand to the Designating Party's counsel. The Party shall not disclose any Confidential Material prior to the date specified for disclosure. In its sole discretion and at its own cost, the Designating Party may oppose or seek to limit the demand in any legal manner. The Party who received the demand shall not oppose or otherwise interfere with the Designating Party's actions, except that the Party who received the demand may comply with court orders or other demands that requires action as a matter of lawful compliance.

9. <u>Redactions</u>.

9

A.  Prior to any discovery-related disclosure or production, the Producing Party may redact information or material that is protected from disclosure by applicable privilege or work product immunity (*see* Stipulated Privilege Log Order, which explains the obligations of a party withholding or redacting information on privilege or work product immunity grounds), or that constitutes PII. No other redactions or withholdings are permissible, except by mutual agreement of the Parties.

B.  Methods of Redaction.

   i.  Each redaction in a TIFF-image shall be indicated clearly on the image as being based on either "Privilege" (which shall include redactions for work product immunity) or "Privacy."

   ii.  For native files requiring redaction, redacted text shall be replaced with the terms "Privilege" or "Privacy," and the Producing Party shall produce the redacted file either in native format or in an authorized TIFF-image format. If a spreadsheet needs to be redacted and the Producing Party has any issues redacting and producing native file, the Parties shall meet and confer to discuss how to handle each such document.

   iii.  For metadata fields requiring redaction, field content shall be replaced by the term "Redacted," and the modified field shall be included in any required .dat file. For the avoidance of doubt, the metadata fields reflecting date, time, author and recipient information should not be redacted. Nothing herein shall prevent a Party from challenging the redaction of metadata.

10. <u>Disposition of Confidential Material</u>.

A.  After final disposition of any appeals or after the time for filing any appeal has passed, each Party in the Action promptly shall return to the Designating Party its Confidential Material (including on any litigation-support application or in the possession, custody, or control of any person to whom the Party distributed Confidential Material), shall destroy it, or otherwise shall comply with an applicable order of the Court. Within 30 days of any such action, the Party shall certify in writing to the Designating Party that the required return or destruction has been completed.

B.  As exceptions to the above requirements,

   i.  Counsel may retain Confidential Material in copies of pleadings, motions, or other court-filed papers, in official transcripts and exhibits thereto, and in attorney work product, including counsels' email and document

        management systems. Counsel shall continue to treat all such materials as Confidential Material pursuant to the requirements of this Order.

    ii.    Confidential Material stored on backup storage media is sequestered. If such data is restored from backup media, the receiving party or its agent must promptly return or destroy the restored Confidential Material and provide the certification required in ¶ A above.

    iii.    This Order shall continue to apply to any such materials retained by counsel.

11.    <u>Order Survives Termination of Action.</u>

This Order constitutes an enforceable agreement between the Parties, their agents, and their attorneys and shall be binding after termination of this action. To enforce this Order, the Court shall retain jurisdiction over any person or entity in receipt of Confidential Material.

**SO STIPULATED AND AGREED.**

Agreed to:

Dated: August 12, 2021

| | |
|---|---|
| <u>/s/ Damaris Hernandez</u> | <u>/s/ Sharon K. Robertson</u> |
| Damaris Hernandez | Sharon K. Robertson |
| Katherine B. Forrest | Donna M. Evans |
| CRAVATH SWAINE AND MOORE LLP | David Fisher |
| 825 Eighth Ave | COHEN MILSTEIN SELLERS & TOLL |
| New York, NY 10019 | 88 Pine Street, 14th Floor |
| 212-474-1486 | New York, NY 10005 |
| dhernandez@cravath.com | 212-838-7797 |
| kforrest@cravath.com | srobertson@cohenmilstein.com |
| | devans@cohenmilstein.com |
| | dfisher@cohenmilstein.com |
| | |
| Gregory Todd Lawrence | Joseph M. Sellers |
| LAWRENCE LAW LLC | COHEN MILSTEIN SELLERS & TOLL |
| The Warehouse at Camden Yards | 1100 New York Ave. NW Ste 500 East |
| 323 W. Camden Street, Suite 700 | Washington, DC 20005 |
| Baltimore, MD 21201 | 202-408-4600 |
| 410-837-6995 | jsellers@cohenmilstein.com |

    greg@lawrencelawllc.com

    *Counsel for Defendant*

Thomas M. Sobol
Gregory T. Arnold
Hannah Schwarzschild
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
617-482-3700
tom@hbsslaw.com
grega@hbsslaw.com
hannahs@hbsslaw.com

John D. Radice
A. Luke Smith
RADICE LAW FIRM PC
475 Wall St.
Princeton, NJ 08540
267-570-3000
jradice@radicelawfirm.com
lsmith@radicelawfirm.com

*Counsel for Plaintiffs*

**SO ORDERED**

Dated: August 16, 2021

Baltimore, Maryland

/s/
_____
HON. GEORGE L. RUSSELL, III
United States District Judge

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MAYOR AND CITY COUNCIL OF BALTIMORE, *et al.*, | Case No. 18-cv-3560-GLR |
| Plaintiffs, | **ENDORSEMENT OF** |
| v. | **PROTECTIVE ORDER** |
| ACTELION PHARMACEUTICALS LTD., *et al.*, | |
| Defendants. | |

## EXHIBIT A

I hereby attest that I understand that information or documents designated as Confidential Material are provided to me subject to the Order dated _____, 2021 (the "Order"), in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my signature below indicates my agreement to be bound by the Order and is a prerequisite to my review of any information or documents designated as Confidential Material pursuant to the Order.

I certify that I am not a Competitor, as defined in the Order.

I further agree that I shall not use Confidential Material for any purpose other than as authorized in the Order and that, except as explicitly authorized in the Order, I shall not disclose Confidential Material, in any form whatsoever, to others.

I further agree to return or destroy Confidential Material in my possession, custody, or control in the manner and time specified by the Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the above-identified Court for the purposes of any proceedings relating to enforcement of the Order. I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Agreement, regardless of whether the Order has been entered by the Court.

Date: _____

By: _____