UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GOVERNMENT EMPLOYEES HEALTH ASSOCIATION, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACTELION PHARMACEUTICALS LTD., *et al.*,<br><br>Defendants. | Case No. 18-cv-3560-GLR<br><br>█████████████<br>REDACTED VERSION |

**LETTER REQUEST FOR DISCOVERY CONFERENCE**

Dear Chief Magistrate Judge Gesner:

Plaintiff Government Employees Health Association ("GEHA") respectfully requests the Court's assistance in resolving two time-sensitive discovery disputes.

**Document Custodians.** This is an antitrust class action alleging Defendants' sample denials delayed generic entry, thereby forcing Plaintiff and the proposed Class to pay higher prices for Tracleer. Discovery is ongoing. GEHA served document requests and the parties negotiated document custodians in late 2021. Defendants were unable to ▮▮▮▮ when much of the alleged anticompetitive conduct occurred. Accordingly, GEHA accepted the fourteen agreed-upon custodians only on the condition that it could propose document custodians as discovery progressed. (Ex. 1 at 1-2.) GEHA served supplemental requests for documents on March 9, 2022. On March 16, GEHA requested that Defendants add four document custodians to the previously agreed-upon list. (Exs. 2, 3.) But Defendants—now represented by new counsel—flatly refused the proposal. As a compromise to move discovery forward, GEHA offered to withdraw one of the proposed custodians; Defendants still refused. (Exs. 4, 5.)

These custodians will likely have unique, highly relevant documents. **(1)** Shalom Jacobovitz was Actelion US President before 2013—when the anticompetitive conduct largely occurred.



**(2)** Eugenia Rutenberg ▮▮▮ would increase competition and lower prices to GEHA and the proposed Class. **(3)** Philippe de Lavenne ▮▮▮ **(4)** Otto Schwarz was the executive from Defendants' Swiss parent company ▮▮▮. His documents will thus likely provide unique insight into Defendants' anticompetitive intent and strategy.

Courts routinely require parties to add custodians during discovery. *E.g., In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-md-2836-RBS-DEM (E.D. Va. Sept. 24, 2019), ECF No. 642; *U.S. Home Corp. v. Settlers Crossing, L.L.C.*, No. 8-cv-1863, 2012 WL 13014153, at *5-7 (D. Md. Oct. 24, 2012). Because GEHA currently intends to depose some or all of these individuals, it is important that this dispute be resolved promptly. Depositions will occur in June and July.

**Document Preservation Discovery.** The second issue is that Defendants appear to have destroyed or otherwise failed to preserve two groups of documents—thousands of documents in total—that are responsive to GEHA's requests for production. If these documents were destroyed when Defendants had a duty to preserve them, Defendants may be subject to sanctions. Defendants

---

[1] As discussed below, Defendants destroyed Mr. Jacobovitz's documents after June 2017. GEHA has requested that Defendants search the preserved files of his assistant and add his name and email address as search terms.

refuse to disclose or provide discovery to enable an assessment of what remedy, if any, is appropriate. They have not disclosed when these documents were destroyed or the circumstances of their destruction. Defendants are also withholding information regarding their document preservation policies, including the litigation holds in place when the documents were destroyed.

Group 1: The 2012-2013 Documents. For each month of the production period, Defendants have produced hundreds or thousands of emails. But for the key time period of November 2012 through April 2013 they produced almost none. GEHA alerted Defendants to this issue on January 12, 2022. Nearly a month later, Defendants acknowledged a "reduction in emails," (Ex. 6 at 2), but claimed the reduction "makes sense" because documents from this time period were largely privileged and would be logged, not produced. (*Id.*) Defendants' explanation was incorrect. In fact, Defendants produced and logged over *ten times fewer* emails for this time than in comparable periods. (Ex. 7 at 2.) Defendants' dilatory and incorrect response raised concerns that something improper may have occurred with these emails. Notably, the emails date from a time when Defendants were under a duty to preserve them due to litigation involving the same issues in this case. GEHA promptly followed up, but Defendants again took a month to respond. This time, they devoted three sentences to the issue, saying they will "follow up as soon as practicable." (Ex. 8 at 4.) In subsequent discussions, their counsel claimed that the emails' loss was consistent with Defendants' retention policies—but provided no support for this assertion. On April 23, Defendants finally disclosed some facts about their preservation policies. (Ex. 9 at 3.) Counsel stated that they ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ but would not disclose the extent of the search conducted. (Ex. 10 at 2.) Nor would they explain discrepancies between their production and Defendants' purported preservation policies. (*Id.*; Ex. 11 at 1-2.)

Group 2: The Pre-J&J Custodians. GEHA also requests information regarding custodial files of several Actelion employees who left Actelion before its June 2017 acquisition by Johnson & Johnson. When the parties negotiated document custodians, Defendants revealed that several key individuals' documents had not been preserved after the acquisition. During recent discussions, GEHA learned for the first time that the files of Shalom Jacobovitz, the US President when much of the anticompetitive conduct occurred were also not preserved. The destruction of these key documents raises another preservation issue, including because Defendants were ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ when the documents were likely destroyed. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Defendants refuse to disclose the timing or circumstances of these documents' destruction and facts about ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

The information and documents requested are necessary to assess whether GEHA is entitled to a remedy regarding the deletion of these documents. *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 509 (D. Md. 2009). "It is axiomatic that an opponent may [] obtain discovery of a client's actions taken to implement the duty to preserve information." Hon. Paul W. Grimm et al., *Discovery About Discovery*, 37 U. BALT. L. REV. 413, 425 (2008); *Mayor & City Council of Baltimore v. Priceline.com, Inc.*, 2010 WL 11552861, at *1 (D. Md. Feb. 5, 2010); *Agropex Int'l, Inc. v. Access World (USA) LLC*, 2021 WL 3090901, at *3 (D. Md. May 20, 2021). Requiring the requested disclosure and/or discovery is also appropriate given the "failure of [Defendants'] counsel to cooperate" by delaying resolution of this issue for months. *Adams v. Sharfstein*, 2012 WL 2992172, at *6 n.10 (D. Md. July 19, 2012).

Dated: May 23, 2022                                                  Sincerely,

/s/ *Aaron J. Marks*
Aaron J. Marks
Sharon K. Robertson
Donna M. Evans
David O. Fisher
COHEN MILSTEIN SELLERS & TOLL
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
amarks@cohenmilstein.com
srobertson@cohenmilstein.com
devans@cohenmilstein.com
dfisher@cohenmilstein.com


Joseph M. Sellers
COHEN MILSTEIN SELLERS & TOLL
1100 New York Avenue NW
Ste 500 East
Washington, DC 20005
Telephone: (202) 408-4600
jsellers@cohenmilstein.com

Thomas M. Sobol
Hannah Schwarzschild
Erin C. Burns
Rachel A. Downey
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway
Suite 301 Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
hannahs@hbsslaw.com
erinb@hbsslaw.com
racheld@hbsslaw.com

John D. Radice
A. Luke Smith
Natasha Fernández-Silber
RADICE LAW FIRM PC

        475 Wall Street Princeton, NJ 08540
        Telephone: (267) 570-3000
        Facsimile: (609) 385-0745
        jradice@radicelawfirm.com
        lsmith@radicelawfirm.com
        nsilber@radicelawfirm.com

        Archana Tamoshunas
        TAUS, CEBULASH & LANDAU, LLP
        80 Maiden Lane Ste 1204
        New York, NY 10038
        646-873-7651
        atamoshunas@tcllaw.com

        *Counsel for Plaintiff*