# EXHIBIT 2



Erin C. Burns
**HAGENS BERMAN SOBOL SHAPIRO LLP**
55 CAMBRIDGE PARKWAY, SUITE 301
CAMBRIDGE, MA 02142
www.hbsslaw.com
Direct (717) 303-6520
erinb@hbsslaw.com

January 4, 2022

**VIA ELECTRONIC MAIL**
Damaris Hernández
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
dhernandez@cravath.com

Dear Damaris:

We write in response to your letter of December 15, 2021, which purports to summarize the agreements and compromises reached in regard to Defendants' First Set of Requests for Production ("Defendants' RFPs"). While we agree with some of what Actelion characterizes as the parties' agreements, others are not accurate. We address those below.

As an initial matter, consistent with our e-mail exchange and the parties' joint stipulation dismissing the Mayor and City Council of Baltimore ("Baltimore") as a named representative, Baltimore will not be producing documents or data in response to the RFPs.

<u>Defendants' RFP No. 3</u>

Actelion's characterization of the agreement drops the limiter that the documents to be produced will "concern Tracleer or Generic Bosentan." Plaintiff will search for and produce non-privileged, responsive communications that are identified through the application of the agreed-upon search terms *concerning Tracleer or Generic Bosentan* for the Relevant Time Period, to the extent that any exist within Plaintiff's possession, custody and control. Sept. 30, 2021 Letter from S. Robertson.

<u>Defendants' RFP Nos. 5 and 6</u>

Actelion's statement of the agreement alters the meaning of what Plaintiff is willing to do. Plaintiff agreed to produce non-privileged *comparisons* between Tracleer, Generic Bosentan, and any other product, to the extent such documents exist and are within Plaintiff's possession, custody and control and can be located through the application of the agreed-upon search terms. Sept. 30, 2021 Letter from S. Robertson. Actelion's misstatement of the agreement implies Plaintiff will produce other comparison documents that do not include Tracleer or Generic Bosentan, but that is not what Plaintiff agreed to do.

January 4, 2022
Page 2

### Defendants' RFP No. 8

Actelion's characterization of the agreement for RFP No. 8 drops the limiter "concerning Plaintiff's purchases of Tracleer and Generic Bosentan." Plaintiff will produce only transactional data and any other responsive documents that are identified through the application of the agreed-upon search terms and are maintained in the ordinary course of business concerning Plaintiff's purchases of Tracleer and Generic Bosentan. Sept. 30, 2021 Letter from S. Robertson.

### Defendants' RFP Nos. 11, 13, 14, 15, 16

Plaintiff's production responsive to each of these RFPs is limited to documents that relate specifically to Tracleer or Generic Bosentan. Oct. 26, 2021 Letter from S. Robertson. Actelion omitted that limiter from its description of the production scope to which Plaintiff agreed pursuant to each of these RFPs.

### Defendants' RFP No. 20

Actelion's characterization of this agreement omits Plaintiff's representation that it has no documents responsive to this request. Sept. 30, 2021 Letter from S. Robertson.

### Defendants' RFP No. 21

Your December 15, 2021 letter states that, in response to this RFP, "Plaintiffs will produce non-privileged, responsive documents." However, Plaintiff agreed only to produce copies of all productions, production letters, and responses and objections sent by non-parties in response to the subpoenas issued by Plaintiff in this action. Sept. 30, 2021 Letter from S. Robertson. Such production is also conditioned on Defendant doing the same. *Id.*

We are happy to discuss the foregoing if necessary.

Sincerely,

*/s/ Erin C. Burns*

Erin C. Burns

cc:     All Counsel