November 3, 2022

Honorable George L. Russell, III
United States District Judge
101 West Lombard Street
Baltimore, MD 21201

      Re: *Gov't Employees Health Ass'n v. Actelion Pharms. Ltd. et al.*, No. 18-cv-3560

Dear Judge Russell:

Pursuant to the Scheduling Order in the above-captioned case (Dkt. No. 167), Plaintiff Government Employees Health Association submits this status report.[1]

Document Production

The deadline for the close of fact discovery other than depositions was October 3, 2022. Since that deadline, Defendants have produced over 1,500 additional documents, including their own documents, documents received through non-party subpoenas, and documents relevant to previously concluded depositions. Plaintiff believes that many of these documents should have been produced sooner and reserves its rights with respect to the timing of these productions. On October 3, Defendants filed a motion to compel document discovery from non-party Mayor and City Council of Baltimore ("Baltimore"). The Court granted that motion in part and denied it in part, and ordered non-party Baltimore to "produce transactional purchase data for Tracleer and bosentan for the damages period" by November 17, 2022. (Dkt. No. 186.)

Privilege Logs

In light of their ongoing productions, Defendants continue producing privilege logs—including most recently on September 9 and October 21, 2022. Plaintiff has challenged several thousand entries (of more than 22,000 originally logged) as being improperly withheld in whole or in part. In response, Defendants have produced thousands of documents that they previously withheld as privileged. Plaintiff continues to assess Defendants' log entries and responses to Plaintiff's privilege challenges. This process and related discussions between the parties will necessarily continue as there are currently outstanding issues and Defendants will be providing additional privilege logs following their continued productions. Plaintiff anticipates that the parties will continue to attempt to resolve outstanding issues or seek Court guidance if necessary.

Depositions

The deadline to complete fact depositions is today. The parties have completed fourteen party and non-party depositions. The Court has approved a deposition of non-party Hikma Labs, Inc. to occur after the conclusion of the deposition discovery period, on November 17, 2022. (Dkt. No. 181.) There is one outstanding non-party deposition issue. In 2021, Plaintiff served a

---

[1] The parties did not reach agreement on the language of a joint status report. Pursuant to a telephone call with chambers earlier today, the parties are submitting separate status letters.

deposition subpoena on non-party Zydus Pharmaceuticals (USA) Inc. ("Zydus"). After several months of negotiating, and to avoid a motion to compel, Zydus on October 3, 2022 agreed to produce a witness in response to Plaintiff's deposition subpoena. However, despite Plaintiff's persistent efforts, Zydus did not provide a date for witness availability within the deposition discovery period. On October 28, having not yet received a date from Zydus, Plaintiff noticed the deposition for November 3, but was subsequently informed that Zydus was unavailable on that date. On November 1, again to avert a motion to compel, Zydus agreed that this week it would provide date(s) for its witness's earliest availability in November. Plaintiff intends to request Judge Coulson's leave to depose Zydus beyond the close of deposition discovery at a date on which Plaintiff, Defendants, and Zydus are all available.

Motion for Spoliation-Related Sanctions

On May 23, 2022, Plaintiff filed a motion seeking information about certain documents which Plaintiff had reason to believe were "destroyed when Defendants had a duty to preserve them." (Dkt. No. 143-1.) The Court ordered Defendants to disclose "the disposition dates" of the documents. (Dkt. No. 152.) Defendants subsequently disclosed that they deleted the documents months after this case had been filed. Based upon that disclosure and other information, including that revealed in recent depositions, Plaintiff intends to move for spoliation-related sanctions.

The parties disagree as to the appropriate procedure for briefing the spoliation sanctions motion. Plaintiff intends to raise this procedural dispute with Judge Coulson. Plaintiff's position is that this Court's standard briefing procedures under Local Rule 105 should apply, in light of the complexity and importance of the motion. This spoliation motion involves Defendants' deletion of five employees' documents, including correspondence to and from their US President during the relevant time period. The relief Plaintiff intends to seek—including an adverse inference, partial dispositive relief as to certain affirmative defenses, and legal fees—is important and stands to have a meaningful effect on the progression of this case. Accordingly, Plaintiff intends to request that Judge Coulson direct the parties to present full briefing pursuant to Local Rule 105.[2]

We appreciate the Court's continued attention to this matter.

Sincerely,

*/s/ Sharon K. Robertson*
Sharon K. Robertson

Co-Lead Counsel for Plaintiff
and the Proposed Class

---

[2] Defendants have indicated that they believe the motion should be addressed in three-page letter briefs to Judge Coulson pursuant to Dkt. No. 145. While Plaintiff is certainly amenable to briefing this motion to Judge Coulson (at least for report and recommendation, as the motion will seek partial dispositive relief), Plaintiff's position is that three-page letter briefs would not provide a meaningful opportunity to address these complex and important issues. Judge Coulson has ordered full-length briefing for spoliation motions in other cases.