**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| GOVERNMENT EMPLOYEES HEALTH ASSOCIATION, on behalf of itself and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>ACETELION PHARMACEUTICALS LTD., *et al.*<br><br>      Defendants. | Case No. 18-cv-3560 (GLR) |

**MOTION OF 69 PROFESSORS OF LAW, ECONOMICS, BUSINESS,
AND MEDICINE FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**

*Amici* are 69 professors of law, economics, business, and medicine. Their sole interest in this case is to ensure that patent and antitrust law develop in a way that serves the public interest and public health by promoting innovation and competition.

Pursuant to Local Rule 105.12, *Amici* respectively move for leave to file the attached *amicus* brief in support of the plaintiff. No party's counsel authored the brief in whole or part and no party or its counsel contributed money to fund the preparation or submission of the brief. *See* D. Md. Local Rule 105.12(b).

While there is no Federal Rule of Civil Procedure that applies to motions for leave to appear as *amicus curiae* in a federal district court, this Court has previously looked to the Federal Rules of Appellate Procedure for guidance. *Wheelabrator Baltimore, L.P. v. Mayor & City Council of Baltimore*, 449 F. Supp. 3d 549, 555 n.1 (D. Md. 2020) (Russell, J.); *see also* D. Md. Standing Order 2018-07. Applying that guidance, courts in this District allow *amicus* briefs when they (among other things) provide helpful analysis of the law or when the *amicus* has a special

interest in the subject matter of the suit. *Id. See Edgar v. Coats*, 454 F. Supp. 3d 502, 522 (D. Md.

2020), *aff'd sub nom. Edgar v. Haines*, 2 F.4th 298 (4th Cir. 2021) (Russell, J.) (granting legal

academic institute's motion for leave to file *amicus* brief); *Doyle v. Hogan*, No. CV DKC 19-

0190, 2019 WL 3500924, at *4 (D. Md. Aug. 1, 2019), *rev'd on other grounds*, 1 F.4th 249 (4th

Cir. 2021) (granting legal advocacy organization's motion for leave to file *amicus* brief because it

provided "helpful analysis" of regulatory issues).

 *Amici* respectfully submit that their brief provides helpful analysis of the law and that

they have a special interest in the subject matter of the suit. This case is complex. It involves the

Court's assessment of an antitrust claim in an intricate regulatory setting raising intellectual

property, public health, and business issues in the pharmaceutical industry. The *amicus* brief

describes in detail the careful equilibrium between competition and innovation in the

pharmaceutical industry, a unique setting in which Congress promoted competition and which

provides important context to the challenged conduct here. While the Supreme Court has

recognized that firms generally do not have a duty to deal, the recognition that this rule is not

absolute is critical. The *amicus* brief describes exceptions to the general rule, such as a product

that is already available and a refusal that does not make economic sense absent harm to a rival.

The brief demonstrates how these exceptions are present in this case, and also shows how a prior

course of dealing is not a prerequisite to an antitrust case challenging a refusal to deal.

 *Amici* have a unique perspective and interest—based on years of studying the issue,

publishing articles, and submitting *amicus* briefs on related issues in other cases—to assist the

Court in its analysis of the competitive implications of sample denials. The list of signatories to

the brief includes many of the country's leading antitrust scholars. The principal author of the

brief, Professor Michael Carrier, has written more than 60 articles about pharmaceutical antitrust

law, more than any professor in the United States, and has filed more than 20 *amicus* briefs on behalf of, collectively, hundreds of professors in similar cases. Professor Carrier has testified before Congress in favor of the Creating and Restoring Equal Access to Equivalent Samples (CREATES) Act, which addressed conduct similar to that here and which Congress enacted, and his article *Sharing, Samples, and Generics: An Antitrust Framework*, 103 Cornell L. Rev. 1 (2017), was cited in the House Energy & Commerce Committee Report for the Act (116th Cong. 1st Sess.). *Amici* respectfully submit that these are nuanced issues that the professors have studied as much as anyone in the United States.

Amici sought consent from all parties to file this brief. The plaintiff consents. The defendants' position is: "Actelion does not believe it is necessary to burden the Court with further briefing on the issues that *amici* have identified."

Based on the foregoing, *Amici* respectfully request that the Court grant leave to file the *amicus* brief attached hereto.

Respectfully submitted,

| | |
|---|---|
| Michael A. Carrier | // s // Adam H. Farra |
| Board of Governors Professor | Adam Farra (Bar No. 18599) |
| RUTGERS LAW SCHOOL | FARRA & WANG PLLC |
| 217 North Fifth Street | 1300 I Street N.W., Suite 400E |
| Camden, NJ 08102 | Washington, D.C. 20005 |
| mcarrier@camden.rutgers.edu | afarra@farrawang.com |
| (856) 225-6380 | (202) 505-5990 |
| | |
| | *Counsel for Amici* |