UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GOVERNMENT EMPLOYEES HEALTH ASSOCIATION, on behalf of itself and all other similarly situated,<br><br>                      Plaintiff,<br><br>v.<br><br>ACTELION PHARMACEUTICALS LTD., *et al.*,<br><br>                      Defendants. | Civil Case No.: 18-cv-3560-GLR |

**PLAINTIFF GOVERNMENT EMPLOYEES HEALTH ASSOCIATION'S
MOTION TO DENY UNSUPPORTED OPT-OUT REQUEST**

Plaintiff Government Employees Health Association ("GEHA") respectfully submits this motion to reject a request to opt out of the certified class for which the requester failed to provide (1) documentation confirming his authority to opt out on behalf of the two entities identified in the request and (2) data confirming that either entity is in fact a class member. GEHA has conferred with Defendants, and Defendants take no position on this motion. In support of its motion GEHA states as follows:

On September 6, 2024, this Court granted GEHA's motion for class certification and issued an order certifying a class of entities that purchased Tracleer and/or its generic equivalent, bosentan. ECF No. 350. On November 14, 2024, this Court granted GEHA's unopposed Motion to Approve the Form and Manner of Notice and Appoint a Notice Administrator, ECF No. 369. Pursuant to that Order, members of the Class were to "request exclusion from the Class in the manner prescribed by the Notice Plan no later than THIRTY (30) DAYS from the date of mailing

1

the individual notice to Class Members." The "manner prescribed by the Notice Plan" to opt-out stated that: "A request for exclusion must be submitted by each Class Member on an individual basis, and any request for exclusion by a purported authorized agent or representative of a Class Member must include proof of the representative's legal authority and authorization to act and request exclusion on behalf of each Class Member they seek to opt out." ECF 367-4 at 5. Additionally, to exclude itself, an entity "must submit data (1) sufficient to establish Class membership, and (2) reflecting [its] purchases, payments, and/or reimbursements for Tracleer and bosentan between December 29, 2015, and September 6, 2024." *Id*. at 5.

Following that Order, the appointed Notice Administrator, A.B. Data, carried out the Court-approved notice plan, including by notifying potential class members through direct mail, press releases, and internet advertisements. The steps taken by the Notice Administrator to fulfill the Court's Order are described in greater detail in the Declaration of Eric Miller, attached hereto as Exhibit A.

As detailed in the Declaration of Eric Miller, there is currently one request to exclude two entities from the Class pending with the Notice Administrator, but the request did not comply with the requirements of the Notice Plan and the Court's Order. The request was submitted on December 23, 2024 by an attorney who purported to represent two entities, Aetna Inc. and Health Care Service Corporation. *See* Ex. B. The Notice Administrator requested that the attorney provide proof of authority to opt out these entities and data sufficient to establish class membership on five separate occasions in January, February, and March 2025. *Id.* The attorney did not provide the requested proof of authority and data. *Id.* On April 7, 2025, class counsel wrote to the attorney who had submitted the opt-out request and stated that if the requested proof of authority and data confirming class membership were not provided by April 10, counsel would inform the Court that

these entities have failed to satisfy the requisites to opt-out and recommend that they remain part of the certified class to the extent they are in fact class members. *Id.* The attorney again did not respond. *Id.*

The Court should deny the opt-out request submitted on December 23, 2024 by an attorney purporting to represent Aetna Inc. and Health Care Service Corporation and order that those entities remain part of the class, to the extent they are already members. The purported opt-out request does not comply with the Court's Order regarding notice, and for that reason alone can be rejected. This is consistent with the relevant authorities, which explain that "class representatives cannot opt-out on behalf of other putative class members." *Sloan v. Winn-Dixie Raleigh, Inc.*, 25 F. App'x 197, 198 (4th Cir. 2002); *see In re Aggrenox Antitrust Litig.*, 812 F. App'x 26, 29 (2d Cir. 2020) (concluding that entities lacked standing to appeal class-action settlement because, in part, there was no proof they had authorization to object or opt-out on behalf of the plans they purportedly represented); William B. Rubenstein, *Newberg on Class Actions* § 9:49 (2014) ("[A] plaintiff who chooses to opt out herself may not also opt out a group en masse with the express consent of each individual.").

Here, the opt-out requester did not attach the Court-mandated proof of authority or data confirming class membership, and failed to provide that information in response to multiple follow-up requests over several months. Requiring purported agents of class members to provide substantive, written proof of their authorization to opt them out and data confirming class membership protects absent class members' due-process interests. *See In re Aggrenox Antitrust Litig.*, 812 F. App'x at 29 (affirming that similar opt-out procedures "preserv[e] the rights of absent class members and protect [] the Defendants from duplicative liability"). Even if the proof of

3

authority and purchase data were to now be submitted, the opt-out request would be substantially belated without any justification for failing to comply with the Court-ordered deadline.

Accordingly, GEHA respectfully requests that the Court deny the opt-out request submitted on December 23, 2024 by an attorney purporting to represent Aetna Inc. and Health Care Service Corporation and order that those entities remain part of the class, to the extent they are already members.

Dated: May 13, 2025

Respectfully submitted,

*/s/ Sharon K. Robertson*
Sharon K. Robertson
Donna M. Evans
Aaron J. Marks
COHEN MILSTEIN SELLERS & TOLL
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
srobertson@cohenmilstein.com
devans@cohenmilstein.com
amarks@cohenmilstein.com

Joseph M. Sellers
COHEN MILSTEIN SELLERS & TOLL
1100 New York Avenue NW
Ste 500 East
Washington, DC 20005
Telephone: (202) 408-4600
jsellers@cohenmilstein.com

Thomas M. Sobol
Hannah Schwarzschild
Erin C. Burns
HAGENS BERMAN SOBOL SHAPIRO LLP
1 Faneuil Hall Sq., 5th Floor
Boston, MA 02109
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
hannahs@hbsslaw.com
erinb@hbsslaw.com

John D. Radice
A. Luke Smith
RADICE LAW FIRM PC
475 Wall Street Princeton, NJ 08540
Telephone: (267) 570-3000
Facsimile: (609) 385-0745
jradice@radicelawfirm.com
lsmith@radicelawfirm.com

Archana Tamoshunas
TAUS, CEBULASH & LANDAU, LLP
123 William Street
Suite 1900A
New York, NY 10038
646-873-7651
atamoshunas@tcllaw.com

*Counsel for Plaintiff and the Proposed Class*

## Certificate of Service

  I hereby certify that, on May 13, 2025, I caused a copy of the foregoing to be served upon all counsel of record through the Court's electronic filing system.

Date: May 13, 2025                */s/ Sharon K. Robertson*
                                 Sharon K. Robertson