# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

GOVERNMENT EMPLOYEES HEALTH
ASSOCIATION, on behalf of itself and all
other similarly situated,

*Plaintiffs,*

v.

ACTELION PHARMACEUTICALS LTD., *et al.*,

*Defendants.*

Civil Action No.: 18-cv-3560-GLR

## <u>SETTLEMENT AGREEMENT</u>

To resolve the above-captioned action (the "Action"), this Settlement Agreement, including all Exhibits attached hereto (collectively, the "Settlement Agreement") is entered into on February 18, 2026 by and among Hagens Berman Sobol Shapiro LLP and Cohen Milstein Sellers & Toll PLLC ("Co-Lead Counsel") on behalf of the Named Plaintiff, as defined below in ¶ 1.21, and the Class, as defined below in ¶ 1.7, on the one hand; and Patterson Belknap Webb & Tyler LLP on behalf of Defendants, as defined below in ¶ 1.9, on the other hand. Defendants and the Named Plaintiff are referred to herein individually as a "Party" and collectively as the "Parties." Together the Named Plaintiff, the Class, and Defendants are referred to for purposes of this Settlement Agreement as the "Settling Parties."

WHEREAS, two similar class action complaints were filed in this jurisdiction in November 2018 that were thereafter consolidated by this Court on January 18, 2019;

WHEREAS, on January 25, 2019, the Court appointed Hagens Berman Sobol Shapiro LLP and Cohen Milstein Sellers & Toll PLLC as Co-Lead Counsel on behalf of the proposed Class;

WHEREAS, on January 25, 2019, Plaintiffs filed a Consolidated Class Action Complaint and Demand for Jury Trial ("Amended Complaint") on behalf of themselves and similarly situated entities in thirty-one states and U.S. territories;

WHEREAS, on September 30, 2019, the Court granted Actelion's Motion to Dismiss Plaintiffs' Amended Complaint for failure to state a claim;

WHEREAS, on April 13, 2021, the United States Court of Appeals for the Fourth Circuit reversed and remanded the case for further proceedings;

WHEREAS, Plaintiff filed a First Amended Complaint on July 8, 2021;

WHEREAS, on September 6, 2024, the Court certified the Class over Defendants' objections and denied Actelion's motion for summary judgment;

WHEREAS, on November 7, 2024, the Court set the case for trial in March of 2026;

WHEREAS, Defendants deny all of Plaintiff's allegations, deny liability as to all of Plaintiff's claims, object to the certification of any class for any purpose other than to effectuate this Settlement, deny that Plaintiff or the Class is entitled to any damages at all, and retain all of their objections, arguments, and/or defenses with respect to Plaintiff's claims and allegations of wrongdoing or liability if the Settlement Agreement does not receive approval or is terminated for any reason;

WHEREAS, Plaintiff maintains the propriety of its allegations and claims but has concluded, after extensive fact and expert discovery, as well as consultation with experts, and after carefully considering the circumstances, that it would be in the best interests of the Plaintiff and the Class to enter into this Settlement Agreement to avoid the uncertainties of litigation, and to ensure a benefit to the Plaintiff and the Class, and, further, that Co-Lead Counsel consider the Settlement set forth herein to be fair, reasonable, and adequate compensation, and in the best interests of the Class;

WHEREAS, Defendant has decided to enter into this Settlement Agreement to finally resolve the Action, despite continuing to deny all of Plaintiff's claims and allegations of wrongdoing and liability;

WHEREAS, Plaintiff and Defendants have engaged in extensive arm's-length settlement negotiations over the past several months, including with the assistance of the Magistrate Judge, and have reached this Settlement Agreement, subject to Court approval, which embodies all terms and conditions of the Settlement between the Parties.

- 2 -

NOW THEREFORE, in consideration of the execution of this Settlement Agreement, the mutual promises contained herein, the benefits to be received hereunder and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by all Settling Parties, it is agreed by the undersigned, on behalf of Plaintiff, the Class, and Defendants, that all claims of the Plaintiff and the Class be settled, compromised, and dismissed with prejudice and, except as hereinafter provided, without costs as to Plaintiffs or Defendants, subject to a Final and Non-Appealable Judgment of the Court, and the following terms and conditions:

## I.  TERMS OF AGREEMENT

### 1.  Definitions

The following terms and phrases shall have the following meanings under the provisions of this Settlement Agreement, whether used in the singular or plural, and whether in the possessive or non-possessive:

1.1     "Action" means *Government Employees Health Ass'n v. Actelion Pharmaceuticals Ltd., et al.*, No. 1:18-cv-03560-GLR (D. Md.).

1.2     "Attorneys' Fees and Expenses" means: (a) payment to Co-Lead Counsel of attorneys' fees and litigation expenses and charges (including expert and consulting fees) in an amount to be determined by the Court; and (b) payment of Service Awards to Named Plaintiff, in an amount to be determined by the Court.  Attorneys' Fees and Expenses shall be paid from the Settlement Fund.

1.3     "Co-Lead Counsel" means Hagens Berman Sobol Shapiro LLP and Cohen Milstein Sellers & Toll PLLC.

1.4     "Class Member" means a person or entity who remains in the Class, *i.e.*, a member of the Class who has not opted out.  For the avoidance of doubt, the Named Plaintiff is a Class Member.

1.5     "Class Members' Related Parties" means each Class Member's respective legal representatives, heirs, executors, administrators, beneficiaries, trustees, predecessors, successors in interest, transferees and assignees, in their capacities as such.

1.6     "Class Period" means from December 29, 2015 through September 6, 2024.

1.7     "Class" means the following Class:

All entities that, for consumption by their members, employees, insureds, participants or beneficiaries, purchased, paid and/or provided reimbursement for some or all of the purchase price of Tracleer or bosentan, other than for resale, in the Class States and Territories at any time during the period from December 29, 2015, through September 6, 2024.  The Class States and Territories are: Arizona, California, Florida, Illinois, Iowa, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Utah, Vermont, Virginia, West Virginia, Wisconsin, the District of Columbia, and Puerto Rico.

The following groups are excluded from the Class:

(a) Defendants and their subsidiaries and affiliates; and (b) federal and state governmental entities except for cities, towns or municipalities with self-funded prescription drug plans.

1.8     "Class States and Territories" means Arizona, California, District of Columbia, Florida, Illinois, Iowa, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Puerto Rico, Rhode Island, South Carolina, South Dakota, Utah, Vermont, Virginia, West Virginia, and Wisconsin.

1.9     "Defendants" means Actelion Pharmaceuticals Ltd., Actelion Pharmaceuticals US, Inc., and Janssen Research & Development, LLC.

1.10    "Defendants' Counsel" means Patterson Belknap Webb & Tyler LLP and Dechert LLP.

1.11    "Defendants' Released Claims," unless otherwise specifically excluded herein, means any and all claims, demands, damages, harm, injuries, actions, causes of action, suits, proceedings, matters, or disputes, of any kind whatsoever, whether known or unknown, suspected or unsuspected, accrued or unaccrued, contingent or non-contingent, which now exist or have existed, upon any theory of law or equity (whether contractual, common law, statutory, federal, state, local, or otherwise, including but not limited to any claims for compensatory or punitive damages, or for attorneys' fees, costs, or disbursements of any kind) against any Class Member or any of Plaintiff's Released Persons arising on or before the Effective Date and regarding Tracleer or any other bosentan product that were asserted or could have been asserted based on the facts alleged in the Action, including but not limited to antitrust, unfair competition, consumer protection, or similar common law causes of action.

1.12    "Defendants' Released Persons" means Actelion Pharmaceuticals Ltd., Actelion Pharmaceuticals US, Inc., Janssen Research & Development, LLC, and their respective legal representatives, predecessors, successors and assigns, present and former subsidiaries and affiliated entities, present and former employees, partners, agents, representatives, independent contractors, officers, directors, shareholders, attorneys, accountants, managers, and all other legally associated persons or entities, except for the claims relating to the enforcement of the Settlement.

1.13    "Distribution" means a check or electronic disbursement payable to the order of a Class Member as the distribution of the Class Member's share of the Net Settlement Fund pursuant to the approved Plan of Allocation and Distribution.

1.14    "Distribution Date" means the date on which the Distributions or electronic payments are first mailed or provided to Class Members.  Except as to any interim disbursements for Notice and Administration Expenses, no disbursements shall be made to Class Members until after the Effective Date.

1.15    "Effective Date" means the date on which the Judgment becomes Final and Non-Appealable.

1.16    "Escrow Account" means the interest-bearing account controlled by the Escrow Agent into which Defendants shall deposit or cause their insurance carriers to deposit the sum of $65,000,000.00 on behalf of Defendants.

1.17    "Escrow Agent" means The Huntington National Bank.

1.18    "Fairness Hearing" means the proceedings to be held before the Court to determine whether the Settlement should be approved as fair, reasonable and adequate pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure; whether the Judgment should be entered; and whether the motion for award of Attorneys' Fees and Expenses should be granted.

1.19    "Final and Non-Appealable" means, with respect to the Judgment approving this Settlement Agreement and the proposed class settlement contemplated under this Settlement Agreement, when the Judgment has been entered and the time has expired to file: (a) a notice of appeal; or (b) any motion which would legally extend the time to appeal the Judgment, or which challenges or seeks reconsideration, modification or vacation of the Judgment. If a notice of appeal is filed, the Judgment becomes Final and Non-Appealable when the appellate court enters an order or judgment dismissing or overruling the relief requested and that order or judgment itself becomes final and no longer subject to further review in any court.  For the avoidance of doubt, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued solely with

respect to: (i) the Plan of Allocation and Distribution (as submitted or subsequently modified); or (ii) Attorneys' Fees and Expenses, shall not in any way delay or preclude the judgment from becoming Final and Non-Appealable.

1.20    "Judgment" means the Final and Non-Appealable order of the District Court approving this Settlement in accordance with the terms of this Settlement Agreement.

1.21    "Named Plaintiff" or "Plaintiff" means Government Employees Health Association.

1.22    "Net Settlement Fund" means the Settlement Fund less: (a) Attorneys' Fees and Expenses, including Service Awards, including interest, as awarded by the Court; (b) Notice and Administration Expenses; (c) Taxes and Tax Expenses; and (d) other Court-approved deductions.

1.23    "Notice" means the Notice of Settlement of Class Action substantially in the forms of Exhibits A and B attached hereto.

1.24    "Notice and Administration Expenses" means the reasonable expenses incurred or charged in connection with the following, as approved by the Court:

(a)    Efforts to obtain current and accurate information regarding the identities and addresses of Class Members;

(b)    The reasonable costs associated with mailing, emailing, and publication of the Notice (including, but not limited to, the cost to print the Notices, mail or email the Notices, and publish the Notices, as well as making certain efforts to locate Class Members whose mailings are returned undelivered);

(c)    Maintenance of a dedicated Settlement website to facilitate communications with Class Members and to provide access to Settlement-related documents and information;

(d)    Responding to telephone and electronic inquiries regarding the Settlement by Class Members;

(e)    Implementation of the Plan of Allocation and Distribution (including, but not limited to, the cost to provide disbursements, and the cost of experts to calculate the allocation and distribution);

(f)    Costs of preparing and mailing Distribution Checks or electronic Distribution and tax documentation to members of the Class; and

(g)    Any other reasonable fees and expenses of the Settlement Administrator.

1.25    "Plaintiff's Related Parties" means Named Plaintiff's respective legal representatives, heirs, executors, administrators, beneficiaries, trustees, predecessors, successors in interest, transferees and assignees, in their capacities as such.

1.26    "Plaintiff's Released Claims," unless otherwise specifically excluded herein, means any and all claims, demands, damages, harm, injuries, actions, causes of action, suits, proceedings, matters, or disputes, of any kind whatsoever, whether known or unknown, suspected or unsuspected, accrued or unaccrued, contingent or non-contingent, which now exist or have existed, upon any theory of law or equity (whether contractual, common law, statutory, federal, state, local, or otherwise, including but not limited to any claims for compensatory or punitive damages, or for attorneys' fees, costs, or disbursements of any kind) against Defendants or any of Defendants' Released Persons arising on or before the Effective Date and regarding Tracleer or any other bosentan product that were asserted or could have been asserted based on the facts alleged in the Action, including but not limited to antitrust, unfair competition, consumer protection, or similar common law causes of action.

1.27    "Plaintiff's Released Persons" means the Named Plaintiff, Class Members, Plaintiff's Related Parties, and Class Members' Related Parties, except for the claims relating to the enforcement of the Settlement.

1.28    "Plan of Allocation and Distribution" means the methodology for allocating and distributing the Net Settlement Fund to Class Members.

1.29    "Preliminary Approval Order" means the order (or orders) of the Court: (a) preliminarily approving this Settlement Agreement; (b) approving the Settlement Administrator; (c) approving the form and manner of disseminating the Notice to Class Members; and (d) scheduling a Fairness Hearing.  The Preliminary Approval Order shall also provide that if this Settlement Agreement is not approved, is voided, terminated, or fails to become effective for any reason the Settling Parties shall be returned to the *status quo* that existed immediately prior to the date of execution of this Settlement Agreement.

1.30    "Released Persons" means Defendants' Released Persons and Plaintiff's Released Persons.

1.31    "Released Claims" means Defendants' Released Claims and Plaintiff's Released Claims.

1.32    "Service Award" means a payment, to be approved by the Court, to Plaintiff in its capacity as Class Representative to compensate it for its work on behalf of the Class, including participating in the litigation, performing work in support of the litigation, and undertaking the risks of litigation.

1.33    "Settlement" means the settlement between the Settling Parties in the Action on the terms and conditions set forth in this Settlement Agreement.

1.34    "Settlement Administrator" means A.B. Data.  This entity will administer this Settlement Agreement and the Plan of Allocation and Distribution.

1.35    "Settlement Amount" means $65,000,000.00 in cash to be paid by wire transfer or check sent by overnight mail to the Escrow Account pursuant to ¶ 1.16 of this Settlement Agreement.

1.36    "Settlement Fund" means the Settlement Amount, plus all interest and accretions thereto.

1.37    "Summary Final Distribution Report" means the summary chart prepared by Co-Lead Counsel or the Settlement Administrator to show the Distribution of the Net Settlement Fund to each member of the Class that files a valid and eligible claim.

1.38    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

1.39    "Undistributed Proceeds" means that portion of the Net Settlement Fund that remains after all Distributions pursuant to the Plan of Allocation and Distribution are completed. Once the Settlement becomes Final and Non-Appealable, the Defendants shall have no ability to get back any of the Settlement Amount, including any Undistributed Proceeds.

2.      **The Settlement**

a.      **The Settlement Amount**

2.1    Payment by the Defendants.  Within 20 business days of the Preliminary Approval Order, the Defendants will deposit the Settlement Amount into the Escrow Account.  No disbursements shall be made to Class Members until after the Effective Date.  If this Settlement Agreement is not approved, is voided, terminated, or fails to become effective for any reason: (a) the balance in the Settlement Fund, including interest accrued thereon and less Notice and Administration Expenses actually paid or incurred, Taxes and Tax Expenses, shall be promptly

returned to the Defendants; and (b) the Settling Parties shall be returned to the *status quo* that existed in the Action immediately prior to the date of execution of this Settlement Agreement.

2.2    The obligations incurred pursuant to this Settlement Agreement shall be in full and final disposition and settlement of all the Released Claims.  The Settlement Amount paid by the Defendants, and the costs of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA") notice and administering the CAFA notice as described below, are their sole monetary responsibilities under this Settlement Agreement, and Class Members who did not timely seek to exclude themselves from the Class shall not look to any of the Defendants' Released Persons for satisfaction of any and all Plaintiff's Released Claims.  The Defendants are not responsible for payment of Attorneys' Fees and Expenses, Notice and Administration Expenses, or any out-of-pocket expenses, other than out of the Settlement Fund, as provided herein.

### b.    The Escrow Agent

2.3    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶ 2.1 in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund.  Defendants' Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the investment decisions or the actions of the Escrow Agent in managing the Escrow Account, or any transactions executed by the Escrow Agent.

2.4    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Settlement Agreement, by an order of the Court, or with the written agreement of Co-Lead Counsel and Defendants' Counsel.

2.5    Subject to further order(s) and/or directions as may be made by the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Settlement Agreement.  Defendants' Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.6    All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

### c.    Taxes

2.7    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this section, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary Parties, and thereafter to cause the appropriate filing to occur.

2.8    For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  Co-Lead Counsel through the Escrow Agent, shall ensure the timely and proper filing of all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)).  Such returns (as well as the election described in ¶ 2.7 hereof) shall be consistent with this section and in all

- 12 -

events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.9 hereof.  Defendants' Released Persons shall have no responsibility or liability for the Settlement Fund's tax returns or other filings.

2.9    All: (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (b) expenses and costs incurred in connection with the operation and implementation of this section (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described here) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events Defendants' Released Persons, the Settling Parties, and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from Distribution to Class Members any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)); neither the Defendants' Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The Settling Parties hereto agree to

cooperate with the Escrow Agent, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this section.

### d. Refund of Settlement Payment upon Termination of Settlement

2.10    In the event that the Settlement Agreement is not approved or is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶ 6.3 herein.

### 3. Preliminary Approval Order, CAFA Notice, and Fairness Hearing

3.1    Promptly after execution of the Settlement Agreement, Co-Lead Counsel shall submit the Settlement Agreement together with its Exhibits to the Court, along with a motion for Preliminary Approval, requesting, among other things, the preliminary approval of the Settlement set forth in the Settlement Agreement, and approval for the Notice, substantially in the forms of Exhibits A and B attached hereto.  The Notice shall include the general terms of the Settlement set forth in the Settlement Agreement, a description of the proposed Plan of Allocation and Distribution, the general terms of the application for a Fee and Expense Award, and the date of the Fairness Hearing.

3.2    Co-Lead Counsel shall request that after notice is given, the Court hold the Fairness Hearing and approve the Settlement of the Action as set forth herein.  At or after the Fairness Hearing, Co-Lead Counsel also will request that the Court approve the proposed Plan of Allocation and Distribution and the application for an award of Attorneys' Fees and Expenses, including Named Plaintiff's request for Service Awards in connection with their representation of the Class.

3.3     Pursuant to CAFA, no later than ten calendar days after this Settlement Agreement is filed with the Court, the Defendants shall serve or cause to be served proper notice of the proposed Settlement upon those who are entitled to notice pursuant to CAFA.  The Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.

**4.     Releases and Dismissal**

4.1     Upon the Effective Date, each Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Plaintiff's Released Claims against the Defendants' Released Persons, whether or not such Class Member shares in the Settlement Fund.  Claims solely to enforce the terms of this Settlement Agreement are not released.

4.2     Upon the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Plaintiff's Released Claims against any of the Defendants' Released Persons.  Claims solely to enforce the terms of this Settlement Agreement are not released.

4.3     Upon the Effective Date, each of the Defendants' Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Defendants' Released Claims against Plaintiff's Released Persons, including Co-Lead Counsel.  Claims solely to enforce the terms of this Settlement Agreement are not released.

4.4     Upon the Effective Date, each of the Defendants' Released Persons and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in

any court of law or equity, arbitration tribunal, or administrative forum, asserting the Defendants'

Released Claims against any of the Plaintiff's Released Persons. Claims solely to enforce the terms

of this Settlement Agreement are not released.

4.5    No Party may cite this Settlement Agreement or any related document or filing in

support of an argument for certifying a class for any purpose related to the Action or the Released

Claims.  It is expressly agreed by and among the Parties that neither this Settlement Agreement,

nor any document referred to herein, nor any action taken to carry out this Settlement Agreement,

is, may be construed as, or may be used as an admission by the Defendants of any fault,

wrongdoing, or liability whatsoever with respect to the subject matter of the Action.

4.6    The Settling Parties expressly waive, release, and forever discharge, upon the

Effective Date, any provisions, rights, and benefits conferred by the provisions of California Civil

Code § 1542, or by any law of any state or territory of the United States, or principle of common

law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code, which

provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
> CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
> RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE
> MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
> DEBTOR OR RELEASED PARTY.

4.7    This Settlement is not intended to and does not release claims arising in the ordinary

course of business between the Plaintiff's Released Persons and the Defendants' Released Persons

that are unrelated to Plaintiff's Released Claims or Defendants' Released Claims and arise under

Article 2 of the Uniform Commercial Code (pertaining to Sales), the laws of negligence or product

liability or implied warranty, breach of contract, breach of express warranty, or personal injury.

4.8    Upon the Effective Date, and in consideration of the promises set forth in this Settlement Agreement, including payment of the Settlement Fund, the Settling Parties and their counsel shall dismiss the Action with prejudice as to the Defendants.

**5.    Administration and Distribution of the Settlement Fund**

5.1    The Settlement Administrator, subject to such supervision and direction of Co-Lead Counsel, and as may be necessary or as circumstances may require, the Court, shall administer and calculate the Distribution Checks or electronic disbursements paid to Class Members and shall oversee Distribution of the Net Settlement Fund to Class Members.

5.2    The Settlement Fund shall be applied as follows:

(a)    to pay all Notice and Administration Expenses;

(b)    to pay the Taxes and Tax Expenses described in ¶¶ 2.7-2.9 hereof;

(c)    to pay Attorneys' Fees and Expenses to Co-Lead Counsel, including to pay Service Awards to Named Plaintiff, to the extent allowed by the Court; and

(d)    after the Effective Date, to distribute the Net Settlement Fund to Class Members as allowed by the Settlement Agreement, the Plan of Allocation and Distribution, or the Court.

5.3    Once Preliminary Approval is obtained, and prior to the Effective Date, Co-Lead Counsel may, without an order of Court so directing, withdraw up to two hundred and fifty thousand dollars and no/100 ($250,000.00) from the Settlement Fund to cover Notice and Administration Expenses, and no amount paid or owed for Notice and Administration Expenses shall be refundable to Defendants in the event this Settlement Agreement is terminated or does not become effective.

5.4    The Court's order approving the form and manner of notice of the certification to the Class required Class Members to submit any requests to opt out of the Class within thirty (30)

- 17 -

days of the date when such notice was mailed.  ECF No. 369 at 2.  Named Plaintiff, through Co-Lead Counsel, represents that the opt-out period has expired and no Class Member opted out of the Class; therefore, each Class Member shall remain a Class Member and shall be eligible to receive a Distribution from the Net Settlement Fund according to the Plan of Allocation and Distribution.

5.5    After the Effective Date, and in accordance with the terms of the Settlement Agreement, the Plan of Allocation and Distribution, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Class Members, subject to and in accordance with the following ¶¶ 5.6-5.11.

5.6    Any distribution of monies or funds to Class Members shall be in accordance with the Plan of Allocation and Distribution approved by the Court.  The Defendants shall not be responsible or liable for any aspect of the allocation methodology set forth in the Plan of Allocation and Distribution or the implementation of that methodology.

5.7    The Defendants and the Named Plaintiff agree that the Net Settlement Fund shall be only for the benefit of the Class (subject to requests for Attorneys' Fees and Expenses, Service Awards and the other distributions and dispositions provided for in this Settlement Agreement).

5.8    The Net Settlement Fund shall be distributed to Class Members substantially in accordance with the Plan of Allocation and Distribution set forth in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial Distribution of the Net Settlement Fund, Co-Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among those Class Members, who cash their initial Distribution Check and who would receive a Distribution of at least $10.00, in an equitable and economic fashion.  Thereafter, any *de minimis*

balance which still remains in the Net Settlement Fund may be donated to one or more non-sectarian, not-for-profit, 501(c)(3) organization(s) to be determined by Co-Lead Counsel and approved by the Court.

5.9    This Settlement is not a claims made settlement and, if all conditions of the Settlement Agreement are satisfied and the Settlement becomes Final and Non-Appealable, no portion of the Settlement Fund will be returned to Defendants.  The Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to the Distribution of the Net Settlement Fund, the Plan of Allocation and Distribution, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No person shall have any claim of any kind against the Defendants' Released Persons with respect to the matters set forth in ¶¶ 1.26, 4.1-4.2 hereof.

5.10    Defendants and Defendants' Released Persons have no responsibility for dissemination of the Notice, implementation of the Plan of Allocation and Distribution, or the actual allocation or Distribution of settlement proceeds, whether to the Class Members or to Co-Lead Counsel.

5.11    No Person shall have any claim against any Released Persons, the Settlement Administrator or other entity designated by Co-Lead Counsel based on Distributions made substantially in accordance with the Settlement Agreement and the Settlement contained herein, the Plan of Allocation and Distribution, or further order(s) of the Court.  This does not include any claim by any Party for breach of this Settlement Agreement.

6.    **Co-Lead Counsel's Attorneys' Fees and Expenses**

6.1    Co-Lead Counsel may submit an application or applications for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Action; plus (c) any interest on such Attorneys' Fees and Expenses at the same rate and for the same periods as

earned by the Settlement Fund (until paid) as may be awarded by the Court (the "Fee and Expense Award"). In addition, Named Plaintiff may request Service Awards in connection with their representation of the Class. Co-Lead Counsel reserve the right to make additional applications for fees and expenses incurred.

6.2    The fees and expenses, as awarded by the Court, shall be paid to Co-Lead Counsel by the Escrow Agent from the Settlement Fund, as ordered, within ten (10) calendar days after the Court executes the Judgment and an order awarding such fees and expenses.

6.3    In the event that the Effective Date does not occur, or the Judgment or the order granting the Fee and Expense Award is reversed or modified, or the Settlement Agreement is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and Non-Appealable, and in the event that the Fee and Expense Award has been paid to any extent, then Co-Lead Counsel who received any payment of the Fee and Expense Award shall be obligated, within ten (10) calendar days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, to refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund, in an amount consistent with such reversal or modification and less any Notice and Administration Expenses.

6.4    Any Attorneys' Fees and Expenses, including any Fee and Expense Award, awarded by the Court shall be paid solely from the Settlement Fund. The Defendants' Released Persons have no responsibility for any payment of Attorneys' Fees and Expenses to Co-Lead Counsel, or Named Plaintiff, or any Class Member.

7.      **Failure to Obtain Approval of Settlement or Termination of Settlement**

7.1      This Settlement Agreement will automatically terminate if the Court enters an order denying approval of the Settlement and that denial is without an opportunity to resubmit, or if an appellate court denies approval of the Settlement and such order becomes Final and Non-Appealable.

7.2      If this Settlement Agreement is terminated pursuant to the terms hereof, or fails to become effective for any reason, then: (a) all orders of the Court preliminarily or otherwise approving the Settlement shall be vacated; (b) the Settling Parties shall be returned to the *status quo* that existed in the Action immediately prior to the date of execution of this Settlement Agreement (subject to appropriate extensions of deadlines to enable the Action to proceed); and (c) the Settling Parties shall retain all of their respective rights and defenses as of immediately prior to the date of execution of this Settlement Agreement.  The Settling Parties shall then proceed in all respects as if this Settlement Agreement and any related orders had not been executed and/or entered.

8.      **Objections to the Settlement**

8.1      The Notice shall require that any objection to the Settlement, or any part of this Settlement Agreement, including Attorneys' Fees and Expenses, and Named Plaintiff's request for Service Awards, or to the Plan of Allocation and Distribution be in writing and comply with all the requirements set forth herein and by the Court in the Preliminary Approval Order and Notice.

8.2      The Notice shall require that any member of the Class who elects to object to this Settlement Agreement (any part thereof) or to the motion for Attorneys' Fees and Expenses or Service Awards shall do so in writing, signed by the member of the Class who is objecting, and

file with the Court a prescribed number of days before the Fairness Hearing as provided for in the Preliminary Approval Order.

8.3    The written objection filed with the Court shall identify the Class Member, name, address, and the attorney representing the objector, if any, and provide: (a) the legal or factual basis for the objection; (b) documentation sufficient to prove the Class Member's membership in the Class; (c) a list of any witnesses, exhibits, or legal authority the objector intends to offer; (d) whether the objector will appear in person at the Fairness Hearing or through counsel; (e) whether the objection applies only to the objector, to a subset of the Class or to the Class as a whole; and (f) a list of all class actions which the objector and/or his, her or its counsel has previously objected.  Any Class Member who fails to timely file and serve such written statement and provide the required information will not be permitted to present any objections at the Fairness Hearing and such failure will render any such attempted objection untimely and of no effect, unless otherwise ordered by the Court.  All presentations of objections will be further limited by the information listed.  A Class Member's mere compliance with the foregoing requirements does not in any way guarantee a Class Member the ability to present evidence or testimony at the Fairness Hearing.  The decision whether to allow any testimony, argument, or evidence, as well as the scope and duration of any and all presentations of objections at the Fairness Hearing, will be in the sole discretion of the Court.

### 9.    Duties and Compensation of Settlement Administrator

9.1    The duties undertaken by the Settlement Administrator shall be as described in the Plan of Allocation and Distribution and orders of the Court.  All reasonable fees and expenses, including the compensation of the Settlement Administrator, for Notice and Administration Expenses shall be paid from the Settlement Fund and in the manner set forth above.

### 10. Miscellaneous

10.1   The Named Plaintiff, the Class, and Defendants agree to settle the Released Claims and to execute this Settlement Agreement solely to compromise and settle protracted, complicated, and expensive litigation.  Entering into or carrying out this Settlement Agreement, and any negotiations or proceedings related thereto, is not, shall not be construed as, or deemed to be evidence of, an admission or concession by any of the Settling Parties to this Settlement Agreement and shall not be offered or received in evidence in any action or proceeding by or against any Settling Party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, other than to enforce the provisions of the Settlement between the Defendants and the Class, the provisions of this Settlement Agreement, or the provisions of any related agreement, order, judgment or release.

10.2   Each Party and Class Member agrees and covenants that it will not at any time make, publish, or communicate to any person or entity or in any public forum any defamatory or disparaging remarks, comments, or statements concerning another Party, Class Member, Plaintiff's Released Person, or Defendants' Released Person and regarding the allegations or defenses at issue in this Action; provided that each Party and Class Member may respond accurately and fully to any question, inquiry, or request for information when required by legal process.

10.3   Each Settling Party shall use its best efforts to cause this Settlement Agreement to be approved and consummated.  Named Plaintiff, Co-Lead Counsel, and Defendants shall also promptly take such actions as may be reasonably required to obtain final approval by the Court of this Settlement Agreement, and to carry out the terms of this Settlement Agreement.

10.4    The Court shall retain its traditional equitable powers over the Action as those powers pertain to this Settlement Agreement until the monies and funds in the Escrow Account are fully and finally distributed.

10.5    This Settlement Agreement, including its Exhibits, constitutes the entire agreement among the Settling Parties hereto related to the Action and no representations, warranties or inducements have been made to any Settling Party concerning this Settlement Agreement other than the representations, warranties and covenants contained and memorialized in this Settlement Agreement.  The Exhibits to this Settlement Agreement are:

Exhibit A    Form of Summary Notice of Settlement; and

Exhibit B      Form of Long-Form Notice of Settlement.

10.6    To the extent there is a conflict between the provisions of this Settlement Agreement, the Preliminary Approval Order, the Judgment, and/or the Plan of Allocation and Distribution, each such document shall have controlling effect in the following rank order: (i) the Judgment; (ii) the Preliminary Approval Order; (iii) this Settlement Agreement; and (iv) the Plan of Allocation and Distribution.

10.7    This Settlement Agreement may be executed in one or more counterparts, and may be exchanged by facsimile, PDF, and/or other imaged signatures, which shall be as effective as original signatures.  All executed counterparts taken together shall be deemed to be one and the same instrument.  Counsel for the Settling Parties to this Settlement Agreement shall exchange among themselves signed counterparts and a complete, assembled executed counterpart shall be filed with the Court.

10.8    The Settling Parties and their respective counsel have mutually contributed to the preparation of this Settlement Agreement.  Accordingly, no provision of this Settlement Agreement shall be construed against any Settling Party on the grounds that one of the Settling

Parties or its counsel drafted the provision.  Except as otherwise provided herein, each Settling Party shall bear its own attorneys' fees and other litigation expenses and costs.

10.9    This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

10.10    Each of the undersigned represents that he or she is fully authorized to execute this Settlement Agreement on behalf of the Settling Party for which he or she signs.

10.11    This Settlement Agreement and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the Parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles.  This Settlement Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between all Settling Parties and that all Parties have contributed substantially and materially to the preparation of this Settlement Agreement.

10.12    If the provisions of this Settlement Agreement (or any portion thereof) are held unenforceable in any jurisdiction, then such provisions shall be severable, and the Settling Parties agree that the enforceability of the remaining provisions of this Settlement Agreement shall not in any way be affected or impaired thereby and shall continue in full force and effect.

10.13    The exclusive forum for any dispute arising under or related to this Settlement Agreement, or to enforce the terms of this Settlement Agreement, will be the United States District Court for the District of Maryland.

10.14  No delay or omission by any Settling Party in exercising any rights under this Settlement Agreement will operate as a waiver of that or any other right.  A waiver or consent given by a Settling Party on any one occasion is effective only in that instance and will not be construed as a bar or waiver of any right on any other occasion, unless otherwise agreed in writing.

10.15  After the Effective Date, dismissal of all claims asserted by Named Plaintiff against the Defendants is with prejudice.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.**

Dated: February 18, 2026

*Sharon K. Robertson*
Sharon K. Robertson
Donna M. Evans
Aaron J. Marks
**COHEN MILSTEIN SELLERS & TOLL**
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
srobertson@cohenmilstein.com
devans@cohenmilstein.com
amarks@cohenmilstein.com

Joseph M. Sellers
**COHEN MILSTEIN SELLERS & TOLL**
1100 New York Avenue NW
Ste 500 East
Washington, DC 20005
Telephone: (202) 408-4600
jsellers@cohenmilstein.com

Thomas M. Sobol
Erin C. Burns
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1 Faneuil Hall Sq., 5th Floor
Boston, MA 02109
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
erinb@hbsslaw.com

*Counsel for Plaintiff and the Class*

William F. Cavanaugh, Jr.
Michael F. Buchanan
Alejandro H. Cruz
Margaret M. O'Neil
Alex Mahler-Haug
Ari Bental
**PATTERSON BELKNAP WEBB & TYLER LLP**
1133 Avenue of the Americas
New York, NY 10036
Tel: (212) 336-2000
Fax: (212) 336-2222
wfcavanaugh@pbwt.com
mfbuchanan@pbwt.com
acruz@pbwt.com
moneil@pbwt.com
amahlerhaug@pbwt.com
abental@pbwt.com

Shari Ross Lahlou
**DECHERT LLP**
1900 K St. NW
Washington, DC 20006
Tel: (202) 261-3300
Fax: (202) 261-3333
shari.lahlou@dechert.com

*Counsel for Defendants Actelion Pharmaceuticals Ltd, Actelion Pharmaceuticals US, Inc., and Janssen Research & Development LLC*

Exhibit A

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

# Did You Purchase, Pay for, or Provide Reimbursement for Tracleer or Bosentan?

## *You Could Get Money from a Settlement*

*A federal court authorized this Notice. You are not being sued.*

There is a Settlement in a class action lawsuit with Defendants Actelion Pharmaceuticals Ltd., Actelion Pharmaceuticals US, Inc., and Janssen Research & Development, LLC (collectively, "Defendants"). The lawsuit claims Defendants unlawfully kept generic Tracleer, known as bosentan, off the market for a period of time, so third-party payors paid more for brand Tracleer and bosentan than they should have. Defendants deny that they did anything wrong. There has been no determination by the Court or a jury that the allegations against Defendants have been proven or that, if proven, Defendants' conduct caused harm to the Class. This Notice is not an expression of any opinion by the Court as to the claims against Defendants or their defenses.

You may have seen a previous notice about the Court certifying the Class in this case. This notice is about a Settlement with Defendants.

### Who is included in the Settlement?

Generally, you are included in the Settlement as a member of the Class if you are an entity that for consumption by your members, employees, insureds, participants or beneficiaries, purchased, paid and/or provided reimbursement for some or all of the purchase price of Tracleer or bosentan, other than for resale, in Arizona, California, District of Columbia, Florida, Illinois, Iowa, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Puerto Rico, Rhode Island, South Carolina, South Dakota, Utah, Vermont, Virginia, West Virginia, or Wisconsin, at any time during the period from December 29, 2015, through and until September 6, 2024.

Excluded from the Class are: (1) Defendants and their subsidiaries and affiliates; and (2) federal and state governmental entities.

### What does the Settlement provide?

To settle all claims in the lawsuit brought on behalf of the Class, a $65,000,000.00 Settlement Fund will pay money to eligible Class Members, notice and administration costs, attorneys' fees and expenses, and a service award to the class representative.

### How can I get a payment?

You must submit a claim form online or by mail by **[Month 00, 2026]**. If your claim is valid, you will get money from the Settlement. Your payment amount will depend on the amount of Tracleer or bosentan you purchased, how much you paid for Tracleer or bosentan claims, and the number of valid Tracleer or bosentan claims.

### What are my rights and options?

If you did not exclude yourself by December 23, 2024, you are bound by the Court's decisions and the terms of this Settlement. You may object to the Settlement by **[Month 00, 2026]**. Detailed instructions about how to object are available on the website, www.TracleerLitigation.com.

The Court will hold a Fairness Hearing on [**Month 00, 2026**], to consider if it will approve the Settlement and a request for attorneys' fees up to 33 and 1/3% of the Settlement Fund, expenses up to $XXX, and a service award up to $XXX for the class representative. You or your own lawyer may appear and speak at the hearing at your own expense. The Court may change these deadlines or the hearing date and time. Check the website below for updates. Please do not call the Court for information about the Settlement.

**Want more information?**

**Visit <u>www.TracleerLitigation.com</u>**                    **Call: 1-877-354-3839**

Exhibit B

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

# Did You Purchase, Pay for, or Provide Reimbursement for Tracleer or Bosentan?

## You Could Get Money from a Settlement

*A federal court authorized this Notice. You are not being sued.*

- There is a Settlement in a class action lawsuit with Defendants Actelion Pharmaceuticals Ltd., Actelion Pharmaceuticals US, Inc., and Janssen Research & Development, LLC (collectively, "Defendants"). The lawsuit claims Defendants unlawfully delayed the entry of generic formulations of bosentan into the market, so third-party payors paid more for brand Tracleer and bosentan than they should have. Defendants deny that they did anything wrong. There has been no determination by the Court or a jury that the allegations against Defendants have been proven or that, if proven, Defendants' conduct caused harm to the Class. This Notice is not an expression of any opinion by the Court as to the claims against Defendants or their defenses.

- You may have seen a previous notice about the Court certifying the Class in this case. This notice is about a Settlement with Defendants.

- Generally, you are included in the Settlement if you are an entity that purchased, paid and/or provided reimbursement for some or all of the purchase price of Tracleer or bosentan, other than for resale, for consumption by your members, employees, insureds, participants or beneficiaries, in certain states and territories from December 29, 2015, through September 6, 2024. The included states and territories are: Arizona, California, Florida, Illinois, Iowa, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Utah, Vermont, Virginia, West Virginia, Wisconsin, the District of Columbia, and Puerto Rico. You may be able to get money from this Settlement.

- To settle all claims in the lawsuit brought on behalf of the Class, a $65,000,000.00 Settlement Fund will pay (1) money to eligible Class Members, (2) notice and administration costs, (3) attorneys' fees and expenses, and (4) a service award to the class representative.

- **Your legal rights are affected even if you do nothing. Please read this Notice carefully.**

### YOUR LEGAL RIGHTS IN THIS LAWSUIT

| | |
|---|---|
| **SUBMIT A CLAIM** | If you are a member of the Class, you can submit a claim to get a payment from the Settlement. |
| **OBJECT** | Write to the Court if you don't like the Settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. |

QUESTIONS? CALL 1-877-354-3839 OR VISIT WWW.TRACLEERLITIGATION.COM

- These rights and options—and the deadlines to exercise them—are explained in this notice.

- The Court in charge of this case still must decide whether to approve the Settlement. Payments will be made to those who qualify only after the Court approves the Settlement and any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** .......................................................................................................... **3**

    1. Why did I receive this Notice? ................................................................................ 3

    2. What is the Lawsuit about? ..................................................................................... 3

    3. Why is this Lawsuit a class action? ........................................................................ 4

    4. Why is there a Settlement?..................................................................................... 4

**WHO IS IN THE SETTLEMENT?**................................................................................................ **4**

    5. Who is included in the Settlement? ........................................................................ 4

    6. Who is not included?............................................................................................... 4

    7. What if I am still not sure if I am included? ............................................................ 5

    8. Can I still ask to exclude myself?........................................................................... 5

    9. If I didn't exclude myself, can I sue Defendant for the same thing later?.............. 5

**THE SETTLEMENT BENEFITS** .................................................................................................. **5**

    10. What does the Settlement provide? ...................................................................... 5

    11. How much will my payment be?............................................................................. 5

    12. What happens if there are funds remaining after distribution? ............................. 6

    13. When will I get my payment?................................................................................. 6

**HOW TO GET A PAYMENT** ...................................................................................................... **6**

    14. How can I get a payment? ..................................................................................... 6

**THE LAWYERS REPRESENTING YOU** ........................................................................................ **6**

    15. Do I have a lawyer in this case?............................................................................ 6

    16. How will the lawyers be paid? ............................................................................... 6

**OBJECTING TO THE SETTLEMENT** ........................................................................................... **7**

    17. How can I tell the Court if I do not like the Settlement? ........................................ 7

    18. If I object to the Settlement, can I still file a claim for my portion of the Settlement Fund? .................................................................................................................... 7

    19. What is the difference between objecting and asking to be excluded?.................. 8

**THE FAIRNESS HEARING** ........................................................................................................ **8**

    20. When and where will the Court decide whether to approve the Settlement?.................... 8

21. Do I have to come to the hearing? ................................................................. 8

22. May I speak at the hearing? ......................................................................... 8

**IF YOU DO NOTHING** ........................................................................................ 9

23. What happens if I do nothing? ..................................................................... 9

**GETTING MORE INFORMATION** ......................................................................... 9

24. How do I get more information? ................................................................... 9

## Basic Information

### 1. Why did I receive this Notice?

A federal court authorized this Notice because you have a right to know about a proposed Settlement, your rights, and your options before the Court decides whether to approve the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights. Your legal rights are affected whether you act or not.

Chief Judge George L. Russell, III, of the United States District Court for the District of Maryland is overseeing this class action. The lawsuit is known as *Government Employees Health Association v. Actelion Pharmaceuticals Ltd.*, GLR-18-3560. Government Employees Health Association, who sued on behalf of itself and the Class, is called the "Plaintiff." Actelion Pharmaceuticals Ltd., Actelion Pharmaceuticals US, Inc., and Janssen Research & Development, LLC are the "Defendants."

You may confirm that you are a member of the Class who is included in the Settlement by reviewing the criteria set forth in Question 5 below. You may also contact the Claims Administrator or lawyers in this case using the telephone numbers or addresses listed in Questions 15 and 24 below.

### 2. What is the Lawsuit about?

The Plaintiff that brought this lawsuit alleges that Defendants violated certain federal and state antitrust laws and state consumer protection laws by taking several actions to keep generic bosentan (i.e., generic versions of Tracleer) off the market for a period of time. The Plaintiff alleges this harmed competition and caused Class Members to overpay for brand Tracleer and bosentan.

The lawsuit alleges that Defendants violated federal antitrust laws by unlawfully impairing and delaying the introduction of generic versions of the prescription drug Tracleer into the United States market. The Plaintiff alleges that beginning around 2009, Defendants refused to sell samples of Tracleer to various generic manufacturers that were requesting to purchase samples in order to conduct bioequivalence testing, which is a prerequisite to United States Food and Drug Administration ("FDA") approval of the generic version of a brand drug. The Plaintiff alleges that without access to samples of Tracleer, generic manufacturers were unable to conduct the testing necessary to file an application to market a generic version of Tracleer with FDA. Absent Defendants' conduct, the Plaintiff claims, one or more generic companies would have launched generic Tracleer earlier than June 2019, which is when the first generic version of Tracleer became available. The Plaintiff alleges that the prices for Tracleer and generic Tracleer were higher than they would have been absent Defendants' alleged unlawful conduct.

Defendants deny these allegations and that they did anything wrong.

There has been no determination by the Court or a jury that the allegations against Defendants have been proven or that, if proven, Defendants' conduct caused harm to the Class. This Notice is not an expression of any opinion by the Court as to the claims against Defendants or their defenses.

This lawsuit is not about the safety or efficacy of Tracleer or bosentan, and the case does not involve any claims about the safety or efficacy of Tracleer or bosentan.

This Notice is only a summary. More detail is provided in the Settlement Agreement, available at www.TracleerLitigation.com.

## 3. Why is this Lawsuit a class action?

In a class-action lawsuit, one or more persons or entities called "class representatives" (here, Government Employees Health Association) sues on behalf of all others who have similar claims. Together, all these persons or entities make up the "Class" and are called "Class Members."

In a class-action lawsuit, one court and one case resolve the issues for all Class Members, except for those Class Members who exclude themselves (*i.e.*, "opt out") from the Class.

## 4. Why Is there a Settlement?

On September 6, 2024, the Court certified a litigation Class and appointed the named plaintiff Government Employees Health Association to represent the Class.

Now, Plaintiff and Defendants have agreed to settle Plaintiff's claims against Defendants. The Court has not decided in favor of the Plaintiff or Defendants. By agreeing to the Settlement, Plaintiff and Defendants avoid the costs and uncertainty of a trial, and Class Members receive the benefits described in this Notice. The proposed Settlement does not mean that any law was broken or that Defendants did anything wrong. Plaintiff believes the Settlement is best for all Class Members.

## Who Is in the Settlement?

## 5. Who Is included in the Settlement?

You are included in the Settlement if you are a member of the certified Class, defined as:

> All entities that, for consumption by their members, employees, insureds, participants or beneficiaries, purchased, paid and/or provided reimbursement for some or all of the purchase price of Tracleer or bosentan, other than for resale, in Arizona, California, Florida, Illinois, Iowa, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Utah, Vermont, Virginia, West Virginia, Wisconsin, the District of Columbia, or Puerto Rico, at any time during the period from December 29, 2015, through and until September 6, 2024.

## 6. Who is not included?

The Class does not include:
- Defendants and their subsidiaries and affiliates, and
- Federal and state governmental entities.

**QUESTIONS? CALL 1-877-354-3839 OR VISIT WWW.TRACLEERLITIGATION.COM**

## 7. What if I am still not sure if I am included?

If you are not sure whether you are included, or have any other questions about the Settlement, you may contact the Claims Administrator at the telephone number, email address, or address listed in Question 24 below.

## 8. Can I still ask to exclude myself?

No. The deadline to exclude yourself from the certified Class has passed. You cannot ask to be excluded now.

## 9. If I didn't exclude myself, can I sue Defendant for the same thing later?

No. Unless you excluded yourself by December 23, 2024, you gave up the right to sue Defendants for the claims in this lawsuit. All of the Court's decisions bind you. The Settlement Agreement describes the specific claims you will give up (or "release"), so read it carefully. The Settlement Agreement is available at www.TracleerLitigation.com. If you have any questions, you can talk to the lawyers listed in Question 15 for free, or you can talk to your own lawyer if you have questions about what this means.

## The Settlement Benefits

## 10. What does the Settlement provide?

If the Settlement is approved and becomes final, it will provide money from a $65,000,000.00 Settlement Fund to Class Members. If the Settlement is approved by the Court, the Settlement Fund will be used to pay:

- Money to eligible Class Members;
- Attorneys' fees of up to 33 1/3% of the Settlement Fund, plus interest, and expenses up to $XXXX;
- Notice and administration costs; and
- A service award up to $XXX for the class representative.

The Settlement Agreement and Plan of Allocation, available at www.TracleerLitigation.com, have more information.

## 11. How much will my payment be?

At this time, it is unknown how much each Class Member that files a valid claim will receive. Your payment amount will depend on the amount of Tracleer or bosentan you purchased, how much you paid for Tracleer and bosentan claims, and the number of valid Tracleer and bosentan claims. After the notice and administration costs, and any Court-approved attorneys' fees and expenses and service award are paid from the Settlement Fund, the remaining amount will be used to pay eligible Class Members. This remaining amount will be paid proportionally (or *pro rata*) to eligible Class Members.

Payments will be based on a Plan of Allocation approved by the Court. The proposed Plan of Allocation will be available for review at www.TracleerLitigation.com.

To get a payment, you must submit a valid Claim Form (*see* Question 14).

## 12. What happens if there are funds remaining after distribution?

If there are any funds remaining after all claims are processed, those funds will be redistributed to eligible members of the Class or distributed to a non-profit organization, as approved by the Court. No remaining funds will be returned to Defendants.

## 13. When will I get my payment?

Eligible Class Members will receive their payments after the Court grants final approval to the Settlement and any appeals are resolved. If there are appeals, resolving them can take time. Please be patient.

## How to Get A Payment

## 14. How can I get a payment?

If you are in the certified Class and want to ask for a payment, you must complete and submit a valid Claim Form online at www.TracleerLitigation.com or by mail postmarked no later than [**Month 00, 2026**]. Claims submitted by mail should be sent to:

Tracleer Litigation
c/o A.B. Data, Ltd.
P.O. Box 173072
Milwaukee, WI 53217

You can get a Claim Form at www.TracleerLitigation.com or by calling 1-877-354-3839.

## The Lawyers Representing You

## 15. Do I have a lawyer in this case?

Yes. The Court has appointed the law firms listed below to represent you and the other Class Members. These lawyers are called "Class Counsel." Class Counsel are experienced in handling similar cases against other companies. Class Counsel include:

| | |
|---|---|
| Sharon K. Robertson<br>Cohen Milstein Sellers & Toll PLLC<br>88 Pine Street, 14th Floor<br>New York, NY 10005<br>Telephone: (212) 838-7797 | Thomas M. Sobol<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>One Faneuil Hall Square, 5th Floor<br>Boston, MA 02109<br>Telephone: (617) 482-3700 |

You will not be personally charged for the services of these lawyers in litigating this case. If you want to be represented by another lawyer, you can hire one at your own expense.

## 16. How will the lawyers be paid?

Class Counsel have not been paid anything to date for their work on this case. Class Counsel will ask the Court for attorneys' fees up to 33 1/3% of the Settlement Fund plus interest and expenses up to $XXX. Class Counsel will also ask the Court for a service award up to $XXX for the class

representative for its work on behalf of the Class. Any attorneys' fees and expenses and service award approved by the Court will be paid out of the Settlement Fund.

When Class Counsel's motion for fees, expenses, and class representative service award is filed, it will be available at www.TracleerLitigation.com.

## Objecting to the Settlement

### 17. How can I tell the Court if I do not like the Settlement?

If you are a Class Member, you have a right to object to or comment on any part of the proposed Settlement. The Court will consider your views when deciding if it will approve the Settlement. You can't ask the Court to order a different Settlement; the Court can only approve or reject the Settlement. If the Court does not approve the Settlement, no Settlement payments will be made, and the lawsuit will continue. If that is what you want to happen, you may object.

To object, you must send a letter to the Court saying that you object to *Government Employees Health Association v. Actelion Pharmaceuticals Ltd.*, GLR-18-3560.

Be sure to include:

- Your name, address, telephone number, and email address (if applicable);
- Your lawyer's name, address, telephone number, and email address (if you have one);
- Proof that you are a Class Member;
- A statement saying if your objection applies only to you, a subset of the Class, or the Class as a whole;
- The legal and factual basis for your objection;
- A list of any witnesses, exhibits, or legal authority you intend to offer;
- A statement saying whether you intend to appear in person at the fairness hearing or through your lawyer;
- A list of all class actions in which you and/or your lawyer has previously objected;
- Your lawyer's signature (if you have one); and
- Your signature.

You must mail your objection to the following address, postmarked no later than [**MONTH 00, 2026**]:

| Court |
|---|
| Clerk of the Court<br>United States District Court for the District of Maryland<br>101 West Lombard Street<br>Baltimore, MD 21201 |

### 18. If I object to the Settlement, can I still file a claim for my portion of the Settlement Fund?

Yes. You may file a claim for your portion of the Settlement Fund even if you object to, or comment

on, the Settlement.

## 19. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Settlement. If you object to the Settlement, you are still a Class Member, and you can submit a Claim Form if you are in the Class.

Excluding yourself is telling the Court that you do not want to be a part of the lawsuit. The deadline to exclude yourself has passed.

## The Fairness Hearing

The Court will hold a hearing (called a Fairness Hearing) to decide whether to approve the Settlement. You may attend and ask to speak, but you don't have to.

## 20. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing on [**Month 00, 2026**] at [**0:00 x.m.**] at the United States District Court for the District of Maryland, 101 West Lombard Street, Courtroom XX, Baltimore, MD 21201. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.TracleerLitigation.com for updates.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them and may listen to people who have asked to speak at the hearing. The Court may also decide whether to award attorneys' fees and expenses and a service award to the class representative. After the hearing, the Court will decide whether to approve the Settlement. We do not know when the Court will make these decisions.

## 21. Do I have to come to the hearing?

No. Class Counsel will answer questions the Court may have at the Final Approval Hearing. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 22. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you (or your attorney) must send a letter providing your "Notice of Intention to Appear in *Government Employees Health Association v. Actelion Pharmaceuticals Ltd.*, GLR-18-3560." Be sure to include your full name, address, telephone number, and email address; your lawyer's name, address, telephone number, and email address; proof that you are a Class Member; a statement saying if your comments apply only to you, a subset of the Class, or the Class as a whole; the legal and factual basis for your comments; a list of any witnesses, exhibits, or legal authority you intend to offer; a statement saying whether you intend to appear yourself or through your lawyer; a list of all class actions in which you and/or your lawyer have previously objected or presented comments at settlement approval hearings. You and your attorney (if you have one) must sign the Notice of Intention to Appear. Your Notice of Intention to Appear must be postmarked no later than [**Month 00, 2026**] and must be sent to the Court's address listed in Question 17.

## If You Do Nothing

**23. What happens if I do nothing?**

If you do nothing, you are still bound by the Court's decisions and the terms of this Settlement. You will not get any money from the Settlement. If you are a member of the Class and want to ask for a payment, you must complete and submit a Claim Form by [**Month 00, 2026**] (*see* Question 14).

## Getting More Information

**24. How do I get more information?**

This notice is only a summary. More details are in the Settlement Agreement, available at www.TracleerLitigation.com. You also may contact the Claims Administrator, by mail at Tracleer Litigation, c/o A.B. Data, Ltd., P.O. Box 173072, Milwaukee, Wisconsin 53217, email at info@TracleerLitigation.com, or phone at 1-877-354-3839.

Complete copies of all public pleadings, Court rulings, and other filings are available for review by accessing the Court docket for this case, for a fee, through the Court's Case Management/Electronic Case Files (CM/ECF) system.

**PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS CASE.**

DATED: [date]                          BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT FOR THE
                                       DISTRICT OF MARYLAND, George L. Russell, III